■ In the Matter of CHARLES AA., Alleged to be a Juvenile Delinquent, Appellant. WILLIAM J. CONBOY, II, as Albany County Attorney, Respondent.—Mercure, J. Appeal from an order of the Family Court of Albany County (Cardona, J.), entered November 14, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, then 15 years old, was arrested on March 25, 1988 and charged with three counts of attempted murder in the first degree as the result of an incident where he allegedly pointed a loaded revolver at three police officers. He was initially arraigned in Albany City Police Court and then transported to Highland Detention Facility, where he remained until June 27, 1988. At that time, respondent appeared before Family Court with respect to a designated felony act petition, counsel was assigned and he was placed at Samaritan Boys Shelter. Following a September 19, 1988 fact-finding hearing based upon an amended petition, respondent was adjudged to be a juvenile delinquent. After a dispositional hearing, Family Court placed respondent in the custody of the State Division for Youth for a period of 18 months, giving him credit for time served since March 26, 1988. Respondent now appeals.

Initially, we reject respondent's claim that the lack of a CPL article 725 order of removal deprived Family Court of jurisdiction. Although an order of removal is required to transfer a designated felony offense to Family Court (see, CPL 180.75 [3] [b]; 725.05), such an order is not required to discontinue a prosecution in the adult criminal justice system. Rather, the decision of whether to discontinue prosecution is within the discretion of the District Attorney (see, People v Zimmer, 51 NY2d 390, 394; People v Di Falco, 44 NY2d 482, 486). Here, the District Attorney determined that it was appropriate to refer the case to Family Court, and the prosecution in the criminal forum was terminated. Thus, petitioner's subsequent filing of a petition with Family Court, alleging acts for which respondent could not be criminally responsible because of his

age, gave Family Court jurisdiction *(see,* Family Ct Act § 301.2 [1] [a]).

We next turn to respondent's claim that he was denied various constitutional protections throughout his detention and that Family Court's order should, therefore, be reversed. In our view, the record does not demonstrate that respondent was prejudiced by any of the asserted improprieties. Accordingly, they may not serve as a basis for disturbing the order of disposition. In this regard, since no incriminating statement or evidence was obtained from respondent in the absence of his parents, the violation of CPL 140.20 (6), if any, did not infringe upon his constitutional rights *(see, e.g., People v Susan H.,* 124 Misc 2d 341, 345). We also reject the claim that respondent's initial arraignment on a charge for which he could not legally be convicted, given his age *(see,* Penal Law § 125.27 [1] [b]; *see also,* Penal Law § 30.00 [1], [2]), requires reversal. Furthermore, although the record is by no means clear as to whether respondent was represented by counsel at his arraignment, no argument is made that any incriminatory evidence was obtained from respondent in the absence of counsel or that he was otherwise prejudiced. The case of *People v Hilliard* (73 NY2d 584), relied upon by respondent, is simply inapposite. Here, there was no "purely punitive" unjustifiable order that counsel not have contact with respondent *(cf., supra,* at 586). We have reviewed respondent's remaining claims and find that they are similarly without merit.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.