OPINION OF THE COURT
Stephen J. Bogacz, J.
The respondent in this juvenile delinquency proceeding moves to dismiss the petition (accusatory instrument) as lacking subject matter jurisdiction. The respondent was arrested and charged with rape in the first degree under Penal Law § 130.35 (1), allegedly committed while the respondent was 14 years of age. Subsequent to the arrest, the matter was referred to the Kings County District Attorney’s office for possible prosecution as a "juvenile offender”. (See, Penal Law § 10.00 [18]; § 30.00 [2]; CPL 1.20 [42].) The District Attorney’s office ultimately declined to prosecute the matter. On May 14, 1996, the Family Court Division of the New York City Corporation *232 Counsel’s office, the statutorily authorized presentment agency in Family Court (see, Family Ct Act § 301.2 [12]), filed the instant petition charging the respondent, inter alia, with rape in the first degree as defined by Penal Law § 130.35 (1), as a "designated felony act” in Family Court. (See, Family Ct Act § 301.2 [8].) The respondent asserts that such a designated felony charge cannot be brought in Family Court in this fashion. The respondent maintains that Penal Law § 30.00 (2) makes a 14- or 15-year-old individual criminally responsible for such an act, thereby depriving this 14-year-old respondent from asserting the defense of infancy when charged with such a felony in the adult criminal justice system. The respondent concludes that since this charge thus alleges a criminal act, not a delinquent act, the Family Court therefore lacks the original jurisdiction to consider it. The respondent moves to dismiss the entire petition.
Preliminarily, the motion to dismiss the entire petition is denied. Except for the charge of rape in the first degree under Penal Law § 130.35 (1), all of the other charges in the petition are, without question, exclusively before this court as alleging acts of juvenile delinquency only. None of these counts may be brought in the criminal justice system under the juvenile offender scheme. (CPL 1.20 [42]; Penal Law § 10.00 [18]; § 30.00 [2].) This court is therefore considering only that portion of the respondent’s application that seeks to dismiss the first count of the petition, i.e., rape in the first degree pursuant to Penal Law § 130.35 (1).
The essential question presented to this court by the respondent’s motion is whether the State Legislature granted exclusive original jurisdiction to the criminal justice system over alleged juvenile offenses. A review of the relevant statutes is instructive. Family Court Act § 301.2 (8) defines "designated felony acts”, which may only be prosecuted as such in Family Court. These constitute a special class of juvenile delinquency cases which subject individuals who are 13, 14 or 15 years of age to possible enhanced sanctions upon being found to have committed one or more of the enumerated delinquent acts. First degree rape, as defined in Penal Law § 130.35 (1), is unmistakably included within this designated felony definition. CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2) define a "juvenile offender” as a person 13 years of age who, for murder in the second degree, and a person 14 or 15 years of age who, for certain specified serious felonies, may be prosecuted in the adult criminal justice system and may be subject *233 to even harsher penalties (than those available in Family Court) upon conviction. Once again, first degree rape, as defined in Penal Law § 130.35 (1), clearly falls within this definition. In addition to first degree rape, several other serious felonies overlap within these designated felony/juvenile offender definitions.[1] In view of this overlap, it would appear that these two statutes establish the concurrent jurisdiction of the Family Court and the criminal justice system over all such overlapping charges. This is the only possible conclusion that can be drawn from the plain language of these two statutes. Were they the only relevant statutes, the court’s analysis would end here, and its denial of the respondent’s motion would be mandated by that plain language.
The respondent, however, offers the following additional argument. A designated felony act falls under the broader definition of "juvenile delinquent.” A youth over the age of 7 and under the age of 16 is not criminally responsible for crimes charged as acts of juvenile delinquency, by reason of infancy. (Family Ct Act § 301.2 [1].) Penal Law § 30.00 (2), on the other hand, removes the defense of infancy from the juvenile offenses defined in CPL 1.20 (42) and Penal Law § 10.00 (18), and repeated in Penal Law § 30.00 (2). Therefore, the respondent concludes that the adult criminal justice system enjoys exclusive original jurisdiction over alleged juvenile offenses. This analysis reveals an apparent conflict within the relevant statutes. This in turn necessitates a determination of the Legislature’s intent when these statutes were enacted. (McKinney’s Cons Law of NY, Book 1, Statutes § 92.)
This court, where possible, must first derive that legislative intent from a literal reading of the statutes in question. (McKinney’s Cons Law of NY, Book 1, Statutes § 92 [b].) The apparent conflict between Family Court Act § 301.2 (1) and (8), on the one hand, and Penal Law § 10.00 (18) and § 30.00 (2) and CPL 1.20 (42), on the other hand, does not permit such a literal reading.[2] Since the language of these sections leaves their purpose and intent uncertain, the rules of statutory construc *234 tion must be employed. (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.)
In applying these rules, the court must examine all available aids in determining the meaning of these statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b].) The legislative history of these bills is a primary extrinsic source for this examination. In reviewing that history, it is of fundamental importance that the amendments to CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2) were the most recent. Family Court Act § 712 (the predecessor to Family Ct Act § 301.2 [8], which contained identical provisions) was enacted as part of the Juvenile Justice Reform Act of 1976 (L 1976, ch 878), and had been in effect for two full years when CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2) were passed as part of the Omnibus Crime Control Bill of 1978 (L 1978, ch 481). In assessing those amendments, this court must presume that the Legislature intended to enact that which it enacted, and intended to omit that which it omitted. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) The action of the Legislature in 1978 in enacting CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2) and in not amending or repealing the existing Family Court Act § 712 (now Family Ct Act § 301.2 [8]) must therefore be construed as intentional. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) The omission of any change to Family Court Act § 712 is an unmistakable indication of a legislative intent to create a concurrent original jurisdictional scheme between the criminal and juvenile justice systems with respect to the overlapping crimes at issue. In the absence of express language evincing its intent to establish exclusive original jurisdiction in the criminal justice system over those crimes that overlap in CPL 1.20 (42), Penal Law § 10.00 (18) and § 30.00 (2), and Family Court Act § 712 (now Family Ct Act § 301.2 [8]), this court must presume that the Legislature did not intend to overturn such a ’Tong established rule of *235 law” (i.e., Family Court’s original jurisdiction over all of the designated felonies enumerated in Family Court Act § 712, including those now also subject to CPL 1.20 [42] and Penal Law § 10.00 [18] and § 30.00 [2]). (McKinney’s Cons Laws of NY, Book 1, Statutes § 153.)
Consistent with the rules of statutory construction, there can be no doubt as to the 1978 Legislature’s awareness of the existence of Family Court Act § 712 at the time the Omnibus Crime Control Bill was passed. It had, in June of that year, as part of the Juvenile Justice Reform Act of 1978 (L 1978, ch 478), amended Family Court Act § 712 to include additional designated felony charges, one of which (second degree murder when allegedly committed by a person 13 years of age) also became a juvenile offense when the Omnibus Crime Control Bill was enacted less than one month later. Additionally, a review of the Omnibus Bill’s Bill Jacket reveals that when the Assembly was debating the juvenile offender portion of the bill, there was both a direct reference to designated felonies (see, transcript of Assembly debate, at 63) and to the Juvenile Justice Reform Act of 1978 (see, transcript of Assembly debate, at 67). In light of this demonstrated awareness, the Legislature’s decision not to amend or repeal Family Court Act § 712 (now Family Ct Act § 301.2 [8]), either concurrently with or subsequent to the enactment of CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2), could only have been deliberate.
The Practice Commentaries published in McKinney’s Consolidated Laws immediately following passage of the Omnibus Crime Control Bill of 1978 are equally instructive. They also strongly suggest that concurrent original jurisdiction was presumed. In addressing Penal Law § 30.00 (2), it was noted that "[t]his section establishes the minimum age * * * an individual must be before he/she may be prosecuted for an offense in a criminal court.” (Donnino, Practice Commentaries, McKinney’s Cons Law of NY, Book 39, Penal Law § 30.00 [emphasis supplied].) Similarly, the amendment to CPL 1.20 (42) "ties into the partial elimination of the defense of infancy for accuseds from age 13 to less than 16.” (Bellacosa, Practice Commentaries, McKinney’s Cons Law of NY, Book 11 A, CPL 1.20, at 30 [1981] [emphasis supplied].) Finally, " '[i]n most cases, juveniles accused of certain serious crimes are to be prosecuted within the criminal justice system.’ ” (Preiser, Practice Commentaries, McKinney’s Cons Law of NY, Book 11A, CPL 210.43, at 181 [1981] [which sets forth criteria for removal of a juvenile offense case to Family Court] [emphasis supplied].)
*236 The Court of Appeals contemporaneously in 1979 also expressed a similar understanding that "in most cases, juveniles accused of certain serious crimes are to be prosecuted within the criminal justice system.” (Matter of Vega v Bell, 47 NY2d 543, 553 [1979] [emphasis supplied].) The Court further noted that "all juveniles accused of certain designated crimes are subject to the adult criminal system, except in those unusual cases in which treatment as a juvenile is deemed appropriate.” (Supra, at 551 [emphasis supplied].) Conspicuously absent from this decision, as well as from any of the contemporaneous practice commentaries, is the phrase "exclusive original jurisdiction”, with respect to the criminal justice system.
Finally, under the rules of statutory construction, the court must also interpret the statute to avoid certain objectionable consequences, such as the sacrifice of public interests. (McKinney’s Cons Laws of NY, Book 1, Statutes § 152.) There is a strong public interest involved here, that of having appropriate juvenile-offender eligible cases brought in Family Court ab initio as designated felonies, in order to take full advantage of all the attendant rehabilitative services that are available in Family Court (and that are not equally available in the criminal justice system). The public’s stake in the rehabilitation of juveniles is profound and longstanding. This is fúrther evidenced by a review of the Bill Jacket from the Omnibus Crime Control Bill. The debate in the State Assembly reflected therein is replete with concern for the provision of rehabilitative and preventive services. The relative absence of such services in the criminal justice system was one of the focal points of the opposition to the Omnibus Bill’s creation of the juvenile offender framework in the first instance. Although not specifically referenced in that debate, the far greater range of such services available in Family Court is undeniable. Given the rehabilitative philosophy which underlies the Family Court system, and the vital public interest in promoting this rehabilitation wherever possible, these statutes cannot be construed so as to exclude Family Court as an original jurisdiction for those juvenile offender-eligible cases that the respective prosecutorial agencies determine would best be handled in that forum as designated felonies.
Indeed, if the Legislature truly intended to establish exclusive original jurisdiction in the criminal justice system, it would have completely eliminated the defense of infancy. This it did not do. It established instead an elaborate "removal” mechanism as a method of transferring juvenile offender cases *237 to Family Court. Of particular significance is CPL 210.43, which permits the removal of juvenile offender charges to Family Court (as designated felony charges). In such a case, pursuant to this removal mechanism, the defense of infancy to what remains a juvenile offender-eligible charge is automatically restored. Therein lies the fallacy in the respondent’s analysis. If a 14- or 15-year-old respondent is once again able to assert the defense of infancy upon the removal of an overlapping juvenile offender-eligible charge to Family Court as a designated felony, s/he would be able to equally assert it if such a designated felony is filed in Family Court without a formal removal. If the defense of infancy can be asserted at any point, with respect to the charges set forth in CPL 1.20 (42) and Penal Law § 10.00 (18) and § 30.00 (2), the original jurisdiction of the criminal justice system over such matters cannot be exclusive. This court therefore concludes that Family Court and the adult criminal justice system have concurrent original jurisdiction over those charges that overlap in CPL 1.20 (42), Penal Law § 10.00 (18) and § 30.00 (2), and Family Ct Act § 301.2 (8).
In any event, original jurisdiction in the matter at bar was, in fact, exercised by the criminal justice system. The Kings County District Attorney considered this case, and assessed all of the relevant facts and circumstances impacting on a potential prosecution. This assessment necessarily would have included many, if not all of the factors enumerated in CPL 210.43, the section of the CPL that provides for removal of a juvenile offender-eligible charge to Family Court as a designated felony.[3] In the proper exercise of the District Attorney’s discretion, this case was declined for prosecution after assessment.
Such a declination cannot and does not preclude the New York City Corporation Counsel, as the presentment agency in Family Court, from prosecuting this case in Family Court as a designated felony.[4] A removal order is not required as a condition precedent to such a prosecution. The instant matter is *238 substantively analogous to a removal pursuant to CPL 210.43. That section requires an affirmative decision by the District Attorney to consent to a removal of a juvenile offender-eligible charge to Family Court. The case at bar is identically premised upon an affirmative decision by the District Attorney not to prosecute the matter as a juvenile offense. In the analogous CPL 210.43 removal situation, the Third Department has upheld the power of the prosecutor "to decide whether a particular [juvenile offender-eligible] case should be tried in Family Court or in County Court.” (People v Murphy, 128 AD2d 177, 186 [3d Dept 1987].) To therefore hold that the mere absence of a removal order precludes the Family Court designated felony prosecution in the case at bar would be to unreasonably elevate form over substance and abrogate the discretion of the Family Court prosecutor.
This court does not find removal to be the exclusive method by which a juvenile offender-eligible case may properly be brought in Family Court. Although a removal order is required when a case is removed to Family Court pursuant to any of the removal sections of the CPL, those sections[5] only govern removal of juvenile offender cases after the filing of an accusatory instrument in the criminal justice system. Such a removal order is not required, however, for the District Attorney to decline or discontinue a prosecution in the adult system. (Matter of Charles A A., 157 AD2d 921 [3d Dept 1990].)[6] Additionally, there is absolutely no language in any of the removal sections that would even suggest that removal is the exclusive means by which juvenile offender-eligible cases may be transferred to Family Court. Therefore, when the District Attorney declines to prosecute a particular juvenile offense-eligible case, and a subsequent designated felony petition is filed in Family Court, the case is properly before the Family Court. Even if, assuming arguendo, Family Court lacks concurrent original jurisdiction over those charges that overlap the *239 juvenile offender /designated felony definitions, the District Attorney’s consideration of the case operates as the exercise of original jurisdiction by the criminal justice system.[7]
An additional level of analysis also supports the subject matter jurisdictional basis of this Family Court prosecution. It is well settled that when a single act violates more than one statute, the defendant may be prosecuted under either one. (United States v Gilliland, 312 US 86 [1941].) The ultimate discretion in such a situation lies with the prosecutor, and such discretion is necessarily and historically broad. (People v Eboli, 34 NY2d 281 [1974].) "[0]verlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution * * * even where the overlap is inherent in the definitions of two offenses.” (Supra, at 287.) In the matter at bar, the overlap is similarly inherent in the definitions of CPL 1.20 (42), Penal Law § 10.00 (18) and § 30.00 (2), and Family Court Act § 301.2 (8). Application of this analysis also supports the legitimacy of this Family Court prosecution.
For all of the foregoing reasons, this court finds that the Family Court and the criminal justice system have concurrent original jurisdiction over the overlapping crimes that are defined in CPL 1.20 (42), Penal Law § 10.00 (18) and § 30.00 (2), and Family Court Act § 301.2 (8).[8] The court finds further that in the matter at bar, the criminal justice system, in fact, exercised original jurisdiction over this juvenile offender-eligible case. The decision of the District Attorney to decline to prosecute the matter as such does not bar the present desig *240 nated felony petition concerning the same transaction from being presented by the statutorily authorized prosecutor (see, Family Ct Act § 301.2 [12]) in Family Court.

. These include second degree and attempted second degree murder, first degree and attempted first degree kidnapping, first and second degree arson, aggravated sexual abuse, first degree assault (subds [1] and [2] only), first degree burglary, second degree burglary (subd [1] [a], [b], [c], and [d] only), first degree manslaughter, first degree rape (subds [1] and [2] only), first degree robbery, second degree robbery (subds [1] and [2] only) and first degree sodomy (subds [1] and [2] only).

. While a cursory reading of Penal Law § 30.00 (2) and Family Court Act § 301.2 (1) would seem to suggest that the statutory language employed in *234 these two sections is clear and unambiguous, thereby requiring a literal reading, per McKinney’s Consolidated Laws of NY, Book 1, Statutes § 92 (b), the resultant conflict between CPL 1.20 (42) (together with Penal Law § 10.00 [18]) and Family Court Act § 301.2 (8) operates to bar this analysis as well. Even if, assuming arguendo, the language of Penal Law § 30.00 (2) and Family Court Act § 301.2 (1) is deemed to be unambiguous, no statute may be construed so strictly as to result in an anomaly of the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92.) The ultimate construction of Penal Law § 30.00 (2) and Family Court Act § 301.2 (1) must therefore necessarily be governed by the determination of the legislative intent regarding CPL 1.20 (42) (again together with Penal Law § 10.00 [18]) and Family Court Act § 301.2 (8).

. These factors include the seriousness and circumstances of the offense, the extent of the harm, the evidence of guilt, the history and character of the defendant, the purpose and effect of a juvenile offender sentence upon this defendant, the impact of a removal upon community safety, the impact of a removal upon public confidence in the criminal justice system, the attitude of the victim, any mitigating circumstances bearing directly upon the commission of the crime, the defendant’s degree of participation in the crime and possible deficiencies in the proof of the crime.

. See, Family Ct Act § 301.2 (12); see also, Matter of Darvin M. v Jacobs, 69 NY2d 957 (1987).

. See, CPL 180.75, 190.60, 190.71, 210.43, 220.10, 310.85, 330.25, 725.00, 725.05, 725.10, 725.20.

. The court acknowledges dicta contained in this decision that would require a removal order to transfer a "designated felony offense” to Family Court, pursuant to CPL 180.75 (3) (b). The reference itself is obscure, since CPL 180.75 (3) (b) makes no specific reference to designated felonies. It would not, in any event, control a pre-accusatory instrument declination followed by a subsequent filing in Family Court, since this section only applies to post-accusatory instrument removals. Additionally, while the holding of Matter of Charles AA. (supra) is binding on this court, the dicta is not. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].)

. Kent v United States (383 US 541 [1966]) raises an additional potential concern. After the District Attorney’s declination to prosecute this matter as a juvenile offense, this designated felony petition was filed in Family Court by the Corporation Counsel without any hearing being held. In Kent, the United States Supreme Court held that due process required a hearing before a juvenile’s case could be "waived up” to the adult criminal system. The New York juvenile offender scheme, however, did not create such a "waiver up” mechanism, and thus avoided this potential problem, as addressed in Kent. A hearing in the situation at bar, therefore, is not required. (Matter of Vega v Bell, 47 NY2d 543, supra.)

. In so finding, this court respectfully disagrees with the conclusion reached by other Family Courts in Matter of Richard S. (NYLJ, July 30, 1996, at 22, col 4 [Fam Ct, NY County]), Matter of Elizabeth R. (169 Misc 2d 58 [Fam Ct, NY County]) and Matter of Steven L. (101 Misc 2d 320 [Fam Ct, Monroe County 1979]).