■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PAULK, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered April 6, 1987, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

During the early morning hours of June 29, 1985, defendant was involved, along with several others, in a fight in the City of Troy, Rensselaer County. Defendant was charged with the crime of assault in the second degree for allegedly striking an individual with a broken beer bottle. Although defendant initially maintained his innocence, he later agreed to plead guilty to the charged crime in exchange for a promise that any sentence of imprisonment which he might receive would not exceed one year. When defendant appeared for sentencing, he made a motion to withdraw his guilty plea. The motion was premised primarily upon the assertion that another individual who had been involved in the fighting incident, Troy Francis, had stated to defendant's attorney that he had thrown the bottle at the individual who was injured. Francis, however, had refused to give a written statement. County Court, relying upon defendant's admission of the crime at the time the plea was entered and the fact that Francis' statement had not been provided in writing, refused to allow defendant to withdraw his plea. Defendant was sentenced to one year in jail. This appeal ensued.

The decision as to whether to allow a plea to be vacated is addressed to the discretion of the trial court (see, CPL 220.60 [3]; People v Frederick, 45 NY2d 520, 524-525). Where a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea (see, People v Miller, 42 NY2d 946; People v Baldwin, 130 AD2d 497, lv denied 70 NY2d 929; People v Austin, 117 AD2d 835). Here, defendant's attorney stated, as an officer of the court, that Francis came

forward shortly before defendant's scheduled sentencing and admitted his guilt to the crime to which defendant had pleaded guilty. With the exeption of the plea, defendant had maintained his innocence throughout these proceedings and had stated that Francis had committed the crime. At the time defendant made his motion to withdraw his plea, the prosecution did not indicate how the granting of the motion would result in prejudice to it. Indeed, the prosecution indicated that it had several witnesses who would identify defendant as the perpetrator of the crime. In view of the above circumstances, we conclude that, in the interest of justice, defendant should be allowed to withdraw his guilty plea *(see, People v Leslie,* 98 AD2d 977).

Judgment reversed, as a matter of discretion in the interest of justice, motion granted, plea of guilty vacated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision. Weiss, Harvey and Mercure, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to affirm in a memorandum by Levine, J. Levine, J. (dissenting). We are of the view that County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. On the record before us, it is abundantly clear that defendant's plea was a voluntary, deliberate, counseled act on his part after weighing all relevant factors, including the strength of the prosecution's case, consisting of several eyewitnesses who had testified that he struck the victim with the jagged edge of a broken bottle, and an appraisal of the strength of his own defense, which was always that Troy Francis and not he committed the assault. Indeed, because defendant chose to call his defense witnesses at the bail hearing and he did not plead guilty until the *Wade* hearing was well in progress, defendant had the opportunity to observe virtually a dress rehearsal of the trial which would have followed had he not entered a plea.

Defendant then elected to take advantage of a favorable plea bargain, which the District Attorney informed him would have been withdrawn at the completion of the *Wade* hearing. As defense counsel conceded at the argument of the motion to withdraw the plea, the plea allocution was extensive, in which defendant expressly waived his rights and specifically admitted striking the victim with a broken bottle.

Under all the foregoing circumstances, County Court, after affording defendant a full opportunity to be heard, acted well within its discretion in refusing to permit defendant to with-

draw his plea. The alleged hearsay statement by Francis to defense counsel is insufficient to alter that conclusion. First, the statement itself is not fully exculpatory of defendant. As described by counsel, Francis stated "that he, in fact, *threw the bottle* at the individual who was injured in this case and that defendant did not do it" (emphasis supplied). The prosecution's proof, however, was that defendant actually struck the victim with a broken bottle, causing a gash which required 30 stitches. That Francis "threw" a bottle at the victim is not inconsistent with the prosecution's evidence of defendant's assault. Thus, the Francis statement, upon close examination, is merely cumulative of the testimony of defendant's witnesses at the bail hearing to the effect that they saw Francis "swing" an *unbroken* bottle at the victim.

Moreover, it is totally speculative, if not highly improbable, that the defense could have been able to make use of any evidence from Francis at the trial. Francis had refused even to give defense counsel a written statement, let alone an affidavit, concerning his involvement. Defense counsel was certain that, if called as a witness, Francis would have invoked his privilege against self-incrimination. On the basis of the facts in the record, the Francis statement would not have been admissible as a declaration against penal interest. Admissibility under this exception to the hearsay rule requires establishing, *inter alia,* that "the declarant *must have been aware* at the time of its making that the statement was contrary to his penal interest" *(People v Thomas,* 68 NY2d 194, 197 [emphasis supplied]). Here, the very reason Francis declined to put his statement in writing refutes this required element for admissibility. As defendant's attorney stated, "Francis refused to allow me to take [any] written statement because of his status as a parolee and *concern for future criminal liability"* (emphasis supplied). This clearly implies that Francis did not believe that an oral statement would subject him to prosecution.

In short, the Francis statement was not fully exculpatory, was cumulative of other evidence known to the defense when the guilty plea was entered and was highly unlikely to be of any use to defendant at a trial. At best, it merely created an issue of credibility as compared to defendant's explicit admission of the facts of guilt during the plea allocution. Under those circumstances, County Court quite properly denied defendant's request to withdraw his plea *(see, People v Billingsley,* 54 NY2d 960, 961; *People v Dixon,* 29 NY2d 55, 56-57;

*People v Fridell,* 93 AD2d 866). Consequently, we would affirm the judgment of conviction.