■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. DE GASPARD, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 4, 1987, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree and grand larceny in the third degree.

Defendant was indicted in three separate indictments by a Grand Jury charging him with two counts of assault in the second degree, escape in the second degree and resisting arrest; two counts of grand larceny in the third degree; and two counts of grand larceny in the second degree and one count of grand larceny in the third degree, respectively. Thereafter, the People moved to permit defendant to withdraw his not guilty pleas to all three indictments and substi-

tute therefor a plea of guilty to one count of grand larceny in the third degree with respect to the second indictment and one count of grand larceny in the second degree with respect to the third indictment, in full satisfaction of all three indictments and of a felony offense for which he had been arrested but not yet indicted. As part of the plea negotiations it was agreed that if at the time of sentencing defendant had made full restitution for his thefts, he would receive an indeterminate prison sentence of 2 to 4 years on each count, the sentences to run concurrently; if one half of the restitution had been made then the prison sentence for the charge of grand larceny in the second degree would be 3 to 6 years, to run concurrently with the sentence imposed on the charge of grand larceny in the third degree, and if less than half of the restitution was made then the longer prison sentence would be 4 to 8 years, to run concurrently with the sentence imposed on the charge of grand larceny in the third degree. Defendant consented to the application whereupon he was advised as to the implications of his plea and County Court and the District Attorney questioned him extensively as to his understanding of the plea and the proposed sentence structure. He was also asked if he was satisfied with the representation provided him by defense counsel and he said he was. Based upon the plea colloquy County Court determined that defendant was voluntarily offering his pleas and they were accepted.

At the time of sentencing no restitution had been made. Defendant moved for an adjournment to obtain new counsel. He also moved to withdraw his guilty pleas based on his innocence and because they were the result of duress and coercion. Finally, he objected to being sentenced as a second felony offender in that the underlying Federal charge could not legally form the basis for such adjudication. County Court denied the motions without a hearing and sentenced defendant to an indeterminate prison term of 3½ to 7 years on his conviction for grand larceny in the second degree and 1⅓ to 4 years on his conviction for grand larceny in the third degree, said sentences to be served concurrently.

On this appeal defendant contends that the plea agreement was not legal, that County Court erred in denying defendant a hearing regarding his request to withdraw his guilty pleas and regarding his status as a second felony offender, and that County Court improperly sentenced him. Additionally, defendant claims that his conviction must be vacated due to ineffective assistance of counsel.

Defendant urges that the plea bargain was illegal because it

encompassed dismissal of a felony complaint for which he had not yet been indicted. While County Court had no authority to dismiss the felony complaint (see, Matter of Morgenthau v Roberts, 65 NY2d 749) and did not purport to do so, the District Attorney had the discretion and authority to decline to continue prosecution of that offense (see, Matter of Charles AA., 157 AD2d 921, lv denied 76 NY2d 771). His agreement to do so as part of a negotiated plea is certainly legal.

Defendant next contends that his guilty plea to grand larceny in the second degree, a class D felony, permitted a maximum sentence of 3½ to 7 years as a second felony offender (Penal Law § 70.06 [2], [3], [4] [b]). However, because the plea agreement provided for a sentence of 4 to 8 years in the event that defendant failed to make restitution of $11,000, defendant claims that his plea was illegal. We disagree. We view County Court's action as an inadvertent misstatement. At the time of sentencing County Court properly sentenced defendant to a prison term of 3½ to 7 years. It has long been the rule that a court has the inherent power to correct its own error in imposing sentence (see, Matter of Campbell v Pesce, 60 NY2d 165, 168). Furthermore, since the correction inured to defendant's benefit, we are hard pressed to discern how he now claims to be prejudiced.

At sentencing, defendant moved to withdraw his guilty pleas based upon his innocence as well as fraud, mistake and extreme distress due to his wife's ill health. Additionally, defendant moved for additional time to obtain new counsel because his attorney had not effectively represented him. Defendant contends that County Court erred in denying him a hearing concerning withdrawal of his pleas and his claim of ineffective assistance of counsel. We disagree. The question of whether defendant should be permitted to withdraw his plea rests in the sound discretion of the trial court and a hearing will be granted only in rare instances. Defendant's conclusory statements of coercion and duress did not require a hearing (see, People v Howard, 138 AD2d 525). Additionally, defendant's belated protestation of innocence should not have resulted in the withdrawal of his plea or a hearing where he was afforded sufficient opportunity to state the basis for his withdrawal application (see, People v Baldwin, 130 AD2d 497, lv denied 70 NY2d 929). Defendant's detailed account of the commission of his crimes without apparent hesitation and without protestation of innocence during the plea allocution presented an issue of his credibility which County Court could

properly resolve against him without a hearing *(see, People v Lynch,* 156 AD2d 884, *lv denied* 75 NY2d 921).

With regard to defendant's claim of ineffective assistance of counsel at the time of sentencing and his motion for adjournment to retain new counsel, County Court properly denied that application. It is clear that defendant received an extremely advantageous plea bargain and there is nothing in the record to cast doubt on the apparent effectiveness of counsel. Furthermore, defendant had expressed satisfaction with his representation at the time of his pleas. Under such circumstances, this court has held that a claim of ineffective assistance will be rejected *(see, supra,* at 885).

On this appeal defendant raises, for the first time, claimed ineffective assistance based on counsel's failure to move for dismissal on speedy trial grounds, relying on this court's decision in *People v O'Connell* (133 AD2d 970). That case came to this court on appeal from a denial of a CPL article 440 application where the facts and circumstances for the delay had been thoroughly developed and preserved for appellate review. In the case at bar, the record reveals only that in September 1987 defendant pleaded guilty to indictments returned in September 1986. There is nothing in the record before us from which we can discern that the prosecution was not ready for trial within the statutory time period, thus providing a basis for finding that counsel's failure to make a speedy trial motion resulted in ineffective assistance of counsel. Thus we reject defendant's contention.

Defendant further contends that County Court erred in denying him a hearing concerning second felony offender treatment because there is no State felony offense equivalent to his Federal felony conviction. We disagree. Once the existence of a previous felony conviction has been proven beyond a reasonable doubt, the question of whether a foreign crime is equivalent to a New York felony must be determined by the court, as a matter of law, by comparing the elements of the foreign statute with an analogous Penal Law felony *(People v Gonzalez,* 61 NY2d 586, 589). By copy of a judgment and probation/commitment order dated July 1, 1983 and certified on February 20, 1987, defendant's prior Federal felony conviction was established beyond a reasonable doubt by the People. Without controverting the allegations contained in said judgment and order and without alleging that the conviction was unconstitutionally obtained, defendant merely asserted that there was no comparable State felony to his Federal felony conviction.

From the certified judgment and order it appears that on July 1, 1983 defendant pleaded guilty to violating 18 USC § 2314 in Federal District Court. The applicable provision of 18 USC § 2314 provides, "Whoever with unlawful or fraudulent intent, transports in interstate * * * commerce any falsely made, [or] forged * * * securities * * * knowing the same to have been falsely made, [or] forged * * * [s]hall be * * * imprisoned not more than ten years". The basis of defendant's felony conviction was transportation of a forged check. The comparable State statute is Penal Law § 170.25, which provides that "[a] person is guilty of criminal possession of a forged instrument * * * when, with knowledge that it is forged and with intent to defraud * * * he * * * possesses any forged instrument of a kind specified in section 170.10". A check is so specified. Intent, knowledge and possession of a forged check are indispensable elements of both statutes. Although it is possible to violate the State statute without violating the Federal statute due to the Federal transportation requirement, this is not a sufficient basis to preclude a predicate felony determination. Accordingly, we conclude that County Court correctly determined that defendant was a second felony offender.

Finally, defendant contends that he was improperly sentenced to 1⅓ to 4 years on his guilty plea of grand larceny in the third degree (Penal Law § 70.06 [2], [3], [4] [b]). We agree. Defendant should have been sentenced to 2 to 4 years on his guilty plea. This error was raised by defendant and this court cannot permit an invalid sentence to stand (see, People v Gustafson, 101 AD2d 920). However, since the sentence imposed for this crime is concurrent with the sentence imposed on the grand larceny in the second degree conviction, there is no reason to vacate or remit. Rather we will correct the sentence in accordance with the plea bargain (see, People v Roseboom, 167 AD2d 784).

Judgment modified, on the law, by modifying the sentence imposed on the conviction of grand larceny in the third degree to an indeterminate term of imprisonment of not less than 2 nor more than 4 years, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.