■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN C. ROSS, Appellant.—Weiss, P. J. Appeals (1) from a judgment of the County Court of Warren County (Austin, J.), rendered April 11, 1990, convicting defendant upon his plea of guilty of the crimes of assault in the third degree and unlawful imprisonment in the second degree, and (2) by permission, from an order of said court, entered June 5, 1990, which

denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for sexual abuse in the first degree, attempted sodomy in the first degree and unlawful imprisonment in the second degree arising out of an incident on October 17, 1988 in the City of Glens Falls, Warren County, involving a 14-year-old boy. Two trials ended in mistrials and prior to commencement of trial a third time, defendant was offered a plea bargain pursuant to which he would plead guilty to assault in the third degree and unlawful imprisonment in the second degree, both unrelated class A misdemeanors, in full satisfaction of the charges in the indictment. The plea included a waiver of defendant's right to appeal (see, People v Seaberg, 74 NY2d 1). On February 21, 1990, defendant entered an *Alford* plea of guilty (see, North Carolina v Alford, 400 US 25) with sentencing scheduled for March 19, 1990. County Court conducted a very extensive plea allocution with defendant under oath in which defendant, *inter alia,* said that he was not under the care of a doctor or psychologist; had never been confirmed for mental or emotional disorder; had never been treated for narcotic or drug addiction; felt in good physical and mental health; had ample time to consult with counsel; and was satisfied with and did consult counsel. A myriad of other questions were asked defendant which were designed to make certain that the plea was knowingly and voluntarily entered into with the full extent of the consequences understood and appreciated. Subsequently at a pre-sentencing conference, when the court indicated that defendant's sentence would include 60 days of imprisonment, counsel stated that defendant wanted to withdraw his guilty plea. Defendant was sentenced and, on May 25, 1990, moved orally to withdraw the plea or alternatively to vacate the conviction. Following submission of papers and oral argument, the motion was denied without an evidentiary hearing. Defendant's subsequent motion to withdraw his guilty plea (see, CPL 220.60) and to vacate the judgment of conviction (see, CPL 440.30, 440.10 [1] [b], [e]) was denied. These appeals ensued.

The People are incorrect in their contention that defendant's waiver of his right to appeal, made part of the plea agreement, mandates dismissal of this appeal. The right to challenge the legality of a sentence or voluntariness of a plea is never waived (People v Seaberg, supra, at 10-11; *People v Moissett,* 154 AD2d 786, 787, *affd* 76 NY2d 909; *People v Bennett,* 152 AD2d 886, 887, *lv denied* 74 NY2d 845).

Turning to the merits, we find no abuse of discretion by

County Court in the failure to hold an evidentiary hearing on defendant's motion to withdraw his guilty plea. "The question of whether defendant should be permitted to withdraw his plea rests in the sound discretion of the trial court and a hearing will be granted only in rare instances" *(People v De Gaspard,* 170 AD2d 835, 837, *lv denied* 77 NY2d 994). Defendant's conclusory assertions of coercion and distress did not require a hearing *(see, People v Howard,* 138 AD2d 525). His allocution was complete enough to enable County Court to resolve the issue against him without an evidentiary hearing *(see, People v Lynch,* 156 AD2d 884, *lv denied* 75 NY2d 921).

In any event, we reject defendant's argument that his plea was the product of coercion and prosecutorial misconduct. Our review of the plea minutes satisfies us that County Court made sufficient inquiry of defendant and that his responses were sufficient to establish that the plea was knowingly, intelligently and voluntarily made. This record is devoid of any proof of misconduct or coercion, mental disease or defect, improvidence or confusion *(see, People v Haynes,* 180 AD2d 911). It is all too clear that defendant chose to plead between two alternative courses of action *(see, People v Legault,* 180 AD2d 912) and that it was only when he learned that the sentence would include 60 days of confinement that he found fault with his plea.

Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of Warren County for further proceedings pursuant to CPL 460.50 (5).