■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HUNTER, JR., Appellant. [667 NYS2d 842] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered February 29, 1996, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered May 30, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Charged with four counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the third degree, defendant initially pleaded guilty to four counts of criminal sale of a controlled substance in the third degree in satisfaction of the indictment. As part of this plea agreement, which defendant acknowledged was uncoerced, defendant was released on his own recognizance pending sentencing in exchange for cooperating with law enforcement officials in drug investigations. When defendant's cooperation proved valueless, the agreement was terminated and defendant was permitted to withdraw his guilty plea.

Subsequently, defendant again pleaded guilty, this time to one count of criminal sale of a controlled substance in the third degree. Some two weeks later, on the day of his sentencing, however, defendant, claiming that his plea was the product of threats directed at himself and his family by local drug bosses, moved to withdraw his plea. According to defendant, the threats were engendered by a letter that he had written a police investigator following the termination of his original plea agreement wherein defendant identified and agreed to cooperate in apprehending local drug dealers, which letter was allegedly circulated within the drug community.

County Court, finding defendant's credibility wanting, denied the motion and sentenced him in accordance with the plea agreement. Defendant's subsequent CPL 440.10 motion to vacate the guilty plea was similarly denied. Defendant appeals from the judgment of conviction and the order denying his postconviction motion.

Preliminarily, we note that defendant's relinquishment of his right to appeal does not, as the People suggest, preclude him from challenging the voluntariness of the plea (*see, People v Seaburg*, 74 NY2d 1, 10-11). As to the merits, it is well settled

that " '[t]he question of whether [a] defendant should be permitted to withdraw his plea rests in the sound discretion of the trial court and a hearing will be granted only in rare instances' " (*People v Ross*, 182 AD2d 1022, 1024, *lv dismissed* 80 NY2d 934, quoting *People v De Gaspard*, 170 AD2d 835, 837, *lv denied* 77 NY2d 994). Here, we find no error in County Court's denial, without a hearing, of defendant's motion to withdraw his plea. The record reveals that County Court afforded defendant a reasonable opportunity to advance the basis for his request and made relevant inquiries of defendant with respect thereto. Furthermore, a review of the plea allocution confirms that defendant entered a knowing, voluntary and intelligent guilty plea and that he forthrightly acknowledged his guilt. Given these circumstances, County Court cannot be faulted for failing to conduct an evidentiary hearing (*see generally*, *People v Tinsley*, 35 NY2d 926, 927; *People v De Gaspard, supra*, at 837; *People v Kafka*, 128 AD2d 895, *lv denied* 69 NY2d 951). Defendant's remaining contentions are unpersuasive.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.