■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY L. DAVIS, Appellant. [672 NYS2d 945] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 7, 1997, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In September 1996, defendant was indicted on one count of

burglary in the second degree for allegedly stealing certain items from an apartment located in the Village of Potsdam, St. Lawrence County. On May 15, 1996, defendant signed a statement admitting that he went into a house and took several items from inside. A suppression hearing was subsequently held regarding the statement, after which defendant withdrew his request to suppress the statement based on the evidence offered by the People. In March 1997 defendant, represented by counsel, entered a plea of guilty to attempted burglary in the second degree in full satisfaction of the indictment and, additionally, in satisfaction of an accusatory instrument in the Village Court of Potsdam and a potential felony charge of tampering with a witness. On April 2, 1997, defense counsel moved to withdraw defendant's guilty plea citing defendant's claims of innocence, allegations of coercion, defendant's inability to understand the consequences of the plea because he was taking medication and ineffective assistance of counsel. County Court denied the motion and sentenced defendant as a second felony offender to a determinate five-year prison term. Defendant appeals.

We affirm. Initially, we reject defendant's contention that County Court abused its discretion in refusing to grant his motion to withdraw his guilty plea. Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement (see, People v Cance, 155 AD2d 764, 764-765; People v Benoit, 142 AD2d 794, lv denied 72 NY2d 915); the question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare instances (see, People v Hunter, 246 AD2d 913; People v Ross, 182 AD2d 1022, lv dismissed 80 NY2d 934; People v De Gaspard, 170 AD2d 835, 837, lv denied 77 NY2d 994; see also, CPL 220.60 [3]). Moreover, "[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (People v Paulk, 142 AD2d 754, lv dismissed 72 NY2d 960; see, People v Miller, 42 NY2d 946).

Here, the record belies defendant's contention that he asserted his innocence throughout the proceedings (see, People v Hudson, 237 AD2d 759, 760, lv denied 90 NY2d 1012; People v Brown, 235 AD2d 563, lv denied 89 NY2d 1032). Moreover, the People had in their possession, as evidence of guilt, defendant's signed statement admitting that he stepped inside the house

in question to take some things that the codefendant was bringing to him. Notably, it was only after defendant entered the guilty plea and realized that he was being sentenced as a second felony offender that he made an effort to assert his innocence. The record of the plea allocution clearly reveals that County Court thoroughly apprised defendant of his rights. Although afforded an opportunity to address County Court on the withdrawal motion, defendant failed to substantiate his innocence, his alleged inability to understand the plea agreement or the failure of his attorney to effectively assist him in his defense (*see, People v Hudson, supra*, at 760).

The record amply shows that his plea was provident, voluntary and knowingly made (*see, People v Robideau*, 133 AD2d 903, *lv denied* 71 NY2d 902) and that he received effective assistance of counsel. At the plea allocution, defendant acknowledged that no threats or force had been used by anyone to get him to plead guilty and that he was pleading guilty voluntarily; defendant also stated unequivocally that he attempted to enter the dwelling of the victim, that he understood the plea arrangement and that he wished to plead guilty. Defense counsel explained to defendant that he would be sentenced to at least five years and asked whether he understood that, to which defendant responded, "Yes." Defendant also responded affirmatively to County Court's questions regarding whether he understood that he was giving up his right to a jury trial as well as any other rights that he would have at a trial, that by pleading guilty it was the same as if he had been convicted of the crime by a jury after a trial, whether he had enough time to discuss the plea and the consequences of it with his counsel before deciding to plead guilty, and whether he was satisfied with the job that defense counsel had done for him. In addition to his presentencing efforts on behalf of defendant, including representation at the suppression hearing, defense counsel effectively argued the motion to withdraw. We conclude that defendant received meaningful representation and nothing in the record supports defendant's claim that his plea was rendered involuntary by defense counsel's conduct (*see, People v Murphy*, 243 AD2d 954, 954-955, *lv denied* 91 NY2d 835).

Finally, the record also reveals that County Court conducted sufficient inquiries into whether defendant, at the time of his plea, was impaired as the result of medication and whether he knew that he was breaking into a dwelling. We have reviewed defendant's remaining contentions and find them lacking in merit.

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.