■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DASHNAW, Appellant. [688 NYS2d 268] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 23, 1998, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

As the result of allegations that defendant had sexual contact

with a seven-year-old child, he was indicted on three counts of sexual abuse in the first degree and one count of sodomy in the first degree. After a mistrial, defendant entered into a plea bargain agreement pursuant to which he agreed to plead guilty to one count of sexual abuse in the first degree in full satisfaction of the indictment in exchange for a sentence of 2½ to 5 years in prison. On the day of sentencing, defendant submitted a *pro se* letter to County Court requesting permission to withdraw his guilty plea and proceed to a second trial. The basis of the request was that he was pressured into pleading guilty by his attorney, from whom he received "bad representation", even though he was innocent. County Court postponed sentencing and appointed defendant ancillary counsel who filed papers on defendant's behalf with respect to the motion to vacate. County Court subsequently denied the motion and sentenced defendant in accordance with the plea agreement. Defendant appeals.

In our view, County Court did not abuse its discretion by denying defendant's motion to vacate his plea of guilty without a hearing (*see*, CPL 220.60 [3]). The minutes of the plea allocution disclose a knowing, intelligent and voluntary plea of guilty. Defendant denied consuming any alcohol, medication or drugs within the 24 hours preceding the allocution, he indicated that he had sufficient time to discuss the plea with his attorney with whose services he was satisfied, and he admitted that he had sexual contact with a child less than 11 years old in December 1996. Contrary to defendant's contentions, nothing in the record, including the presentence investigation report, supports his claim that his plea should have been vacated because of any conduct on the part of counsel or because he was in fact innocent. The mere fact that his attorney advised him to plead guilty to avoid a harsher sentence if convicted after a second trial is not tantamount to undue pressure or coercion (*see*, *People v Cook*, 252 AD2d 595; *People v Mohammed*, 208 AD2d 1118, 1119, *lv denied* 85 NY2d 941).

Moreover, we find, as did County Court in denying the motion, that there was a sufficient factual basis for defendant's plea and that it was knowingly and voluntarily made by him. Indeed, " '[w]here a defendant has been fully informed of the rights he [or she] is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea' " (*People v Davis*, 250 AD2d 939, 940, quoting *People v Paulk*, 142 AD2d 754, *lv dismissed* 72 NY2d 960). Noting that

whether a defendant should be permitted to withdraw a guilty plea rests in the discretion of the trial court and that a hearing on such a motion is granted only in rare instances (*see, e.g., People v Davis, supra*), we reject defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea without a hearing.

Our review of the record also reveals that the attorney appointed for the purpose of facilitating defendant's motion to vacate did a competent job in preparing the motion, incorporating the specific concerns raised in defendant's *pro se* letter, and that defendant received meaningful representation on this application (*see, People v Baldi*, 54 NY2d 137). Finally, given the heinous nature of the crime and the fact that defendant was sentenced in accordance with the negotiated plea agreement, the sentence was neither harsh nor excessive and we decline to disturb it (*see, People v Fuller*, 245 AD2d 987, *lv denied* 91 NY2d 941; *People v Withers*, 222 AD2d 903, *lv denied* 87 NY2d 978).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.