OPINION OF THE COURT
George R. Bartlett III, J.
On May 28, 1997, the Schoharie County Grand Jury, in a *559 single indictment (No. 97-13), charged defendants Donna Arroyo, Cary Wayne McKinley and Daniel Edwards with murder in the first and second degrees, conspiracy in the second degree and criminal possession of a weapon in the second degree in connection with the shooting death of Frank Arroyo on May 12, 1997. Defendant Arroyo was also charged with criminal solicitation in the second degree. A notice to seek the death penalty for all three defendants was filed by the Schoharie County District Attorney on January 26, 1998.[1]
The above-referenced cases entailed extensive discovery, pretrial motions and hearings. On October 16, 1998, nearing the commencement of his trial, defendant Edwards entered a plea of guilty to the crime of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]) in full satisfaction of all charges in accordance with the terms of a plea agreement entered into between said defendant and the People. Defendant Edwards’ plea agreement provided, inter alia, that he would testify against defendant Arroyo at her trial. Thereafter, on October 21, 1998, defendant Arroyo entered a plea of guilty to the crime of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]) in full satisfaction of all charges in accordance with the terms of her plea agreement, which provided, inter alia-, that she would testify against her codefendants. Her plea agreement calls for a sentence not to exceed 25 years to life imprisonment. Defendant Arroyo subsequently testified against codefendant McKinley at his trial.[2]
Defendant Arroyo (hereinafter defendant) now moves for an order pursuant to CPL 220.60 (3) permitting her to withdraw her guilty plea and reenter a plea of not guilty to all charges contained in the indictment on the grounds that her mental condition and use of prescription medication impaired her ability to make a knowing, voluntary and intelligent plea of guilty. Defendant also asserts that the Court of Appeals recent decision in Matter of Hynes v Tomei (92 NY2d 613) mandates that she be permitted to withdraw her guilty plea.
The motion is denied in all respects.
I. defendant’s ability to enter plea
A guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently (see, People v Fiumefreddo, *560 82 NY2d 536, 543). Whether a defendant should be permitted to withdraw his or her guilty plea rests in the sound discretion of the trial court (see, CPL 220.60 [3]; see also, People v Selikoff, 35 NY2d 227, cert denied 419 US 1122; People v Davis, 250 AD2d 939, citing People v Hunter, 246 AD2d 913; People v Ross, 182 AD2d 1022, lv denied 80 NY2d 934).
“ ‘The nature and extent of the fact-finding procedures prerequisite to the disposition [of motions to withdraw a plea] rest largely in the discretion of the Judge to whom the motion is made’ ” (see, People v Cummings, 194 AD2d 994, 995, lv denied 82 NY2d 752, quoting People v Tinsley, 35 NY2d 926, 927; People v Fiumefreddo, 82 NY2d 536, 544, supra). On the motion the defendant must be afforded reasonable opportunity to present his or her position and the court must be able to make an informed determination as to whether the defendant, on a case-by-case basis, has made a knowing, voluntary and intelligent plea. However, only in rare instances will an evidentiary hearing be granted (see, People v Yell, 250 AD2d 869, lv denied 92 NY2d 863; People v De Gaspard, 170 AD2d 835, lv denied 77 NY2d 994). No formal evidentiary hearing is required when a defendant’s application to withdraw his or her plea is facially without merit (see, People v Rudenko, 243 AD2d 588, lv denied 91 NY2d 879).
Defendant submits her affidavit and the affidavit of her treating psychiatrist in support of her motion to withdraw her guilty plea. Turning first to defendant’s affidavit, she offers no evidence or claim of innocence, fraud or mistake in the inducement of her guilty plea. Generally, a guilty plea may not be withdrawn absent such a claim or claims (see, People v Davis, 250 AD2d 939, supra; People v Cance, 155 AD2d 764). Instead, defendant now advances the theory that her “purported plea” was entered under the duress of facing the death penalty and at a time when she was unable to think clearly and rationally (see, defendant’s affidavit ¶¶ 7, 8). This contention is rejected. The fear of a harsher sentence, even a death sentence, upon conviction after trial does not in and of itself invalidate a guilty plea entered in exchange for a bargained-for lesser sentence (see, North Carolina v Alford, 400 US 25, 31; Parker v North Carolina, 397 US 790, 795; Brady v United States, 397 US 742; see also, People v Ryan, 191 AD2d 814; People v Newman, 231 AD2d 875, lv denied 89 NY2d 944).
Defendant’s assertions that she was unable to think clearly and rationally at the time she entered her guilty plea are unequivocally refuted by the record of the conference and plea *561 proceedings conducted on October 21, 1998. At the plea colloquy, defendant, while represented by three of her attorneys, stated that no one had coerced her to plead guilty, that she was pleading guilty freely and voluntarily, that she was not under the influence of any drugs or alcohol, that she was not taking any medications that affected her ability to understand the plea proceedings, that she did not know of any physical, mental or emotional illness that prevented her from understanding the plea proceedings, that she was over the age of 18 years and had graduated from high school, that she could read and write the English language, that she understood the charges against her, that she had discussed the facts and circumstances of the case with her attorneys, that she had discussed her constitutional rights and possible defenses with her attorneys (this was confirmed by her attorneys during the plea colloquy) and that she was satisfied with her attorneys. Further, the defendant stated that she understood the specifically enumerated rights related to a jury trial, including the right to appeal a conviction if she were convicted after trial, which she was waiving by her plea.
The plea agreement was reviewed with the defendant and she stated that she had discussed it with her attorneys and understood its terms. The defendant stated that she had sufficient time to consider her plea and that she was sure that it was what she wanted to do.
During her allocution related to the facts of the commission of the crime, defendant even corrected the court as to the payment which she agreed to make to one of the codefendants, indicating that she was listening to the court’s questions and intelligently focused on the inquiry. Thereafter, the court determined that the defendant’s plea was knowingly, voluntarily and intelligently offered.
In addition, the court had the opportunity to observe the defendant during the extensive pretrial proceedings conducted in this matter over the course of some 18 months and during her testimony against codefendant McKinley given at his trial subsequent to the entry of her guilty plea. In total, defendant appeared before this court on at least 40 separate occasions. At no time during any of those appearances did defendant exhibit any behavior that caused the court to question her capacity or disturb the presumption of competency accorded her (see, People v Gelikkaya, 84 NY2d 456, 459).
Throughout this case, until after the plea and for the purposes of the motion to withdraw the plea, defendant was *562 represented by attorneys associated with the Capital Defender’s Office, who in this court’s opinion demonstrated a high degree of competence and skill in their representation of defendant. At no time during their representation of defendant did her attorneys, who were in the best position to assess her capacity, request a competency hearing pursuant to CPL 730.30, even though they made at least 90 other pretrial motions on defendant’s behalf (see, People v Tortorici, 92 NY2d 757; People v Gelikkaya, 84 NY2d 456, 460, supra; People v Armlin, 37 NY2d 167, 171). Nor did the prosecution request such a hearing.
The issue of defendant’s mental and emotional condition is now raised for the first time on this motion. She is presently represented by an attorney who, to the court’s knowledge, has not had any contact with her until sometime after the plea and who offers no direct knowledge of the defendant’s condition at the time she entered her guilty plea. It is important to note that defendant does not raise the issue of her present competency to proceed; nor does she request a competency hearing. Her position is that on the date of the plea, she was unable to make a voluntary, knowing and intelligent plea due to her alleged mental impairment.
The assertions raised in Dr. VanBellingham’s affidavit do not require a hearing. Dr. VanBellingham, defendant’s psychiatrist, opines without specificity, clarification or explanation that the defendant suffers from an eating disorder, a personality disorder, a depressive disorder and an anxiety disorder. The doctor also lists the medications that were prescribed for defendant. However, the doctor’s affidavit is completely devoid of any assertion that at the time of her plea the defendant was not mentally competent. Significantly lacking from the affidavit is any representation or opinion to the effect that the psychiatrist has concluded to a reasonable degree of medical certainty that when defendant entered her guilty plea she lacked the capacity to understand the proceedings against her or to assist in her own defense as a result of mental disease or defect.
Nor did the doctor state that she had seen defendant on the date of the plea. The medical records attached to the motion indicate that defendant was last seen before the plea by Dr. VanBellingham on July 15, 1998 and by the covering psychiatrist on August 12, 1998. The medical records further indicate that defendant’s attorneys were at least present at her two appointments with the covering psychiatrist in August 1998. Yet *563 no concern over defendant’s mental condition was ever related to the court.
The court has considered defendant’s motion papers and heard oral argument on this matter on March 15, 1999. Defendant and her counsel have been afforded a full and fair opportunity to present her contentions to the court. Those contentions do not raise a serious question as to defendant’s competency to enter her guilty plea. The court has complete confidence today, as it did on October 21, 1998, that defendant entered her guilty plea knowingly, voluntarily and intelligently (see, e.g., People v Jones, 233 AD2d 944, lv denied 89 NY2d 943, rearg denied 1997 WL 50364 [4th Dept, NY, Feb. 7, 1997], error coram nobis denied 245 AD2d 1151, lv dismissed 91 NY2d 927; People v Passero, 222 AD2d 858, lv denied 88 NY2d 851; People v Colon, 217 AD2d 725).
II. WITHDRAWAL OF PLEA IN LIGHT OF MATTER OF HYNES v TOMEI
Defendant’s motion to withdraw her guilty plea in light of the Court of Appeals decision in Matter of Hynes v Tomei (92 NY2d 613, supra) is denied for the reasons stated in this court’s decision in People v Edwards (180 Misc 2d 564 [Schoharie County Ct 1999]) rendered with respect to defendant Edwards’ motion to withdraw his guilty plea.

. The notice of intent to seek the death penalty was thereafter withdrawn as to defendant McKinley.

. Defendant McKinley was acquitted after a jury trial.