■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. GIBSON, Appellant. [691 NYS2d 195] —Spain, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered November 3, 1997, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant pleaded guilty to the crime of attempted rape in the first degree in full satisfaction of an amended eight-count indictment. On the day of his sentencing, defendant orally moved to withdraw his guilty plea, claiming that he was innocent. County Court denied the motion and sentenced defendant, in accordance with the plea agreement, to an indeterminate term of 4 to 12 years in prison. Defendant appeals.

We affirm. Initially, we note that, contrary to the People's contentions, defendant's waiver of his right to appeal does not preclude his challenge to the voluntariness of his plea (*see, People v Seaberg*, 74 NY2d 1, 10; *see also, People v Francabandera*, 33 NY2d 429, 434, n 2). Turning to the merits, it is well settled that the question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court and hearings are granted only in rare circumstances (*see, People v Hunter*, 246 AD2d 913; *People v Ross*, 182 AD2d

1022, *lv dismissed* 80 NY2d 934). Moreover, "[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (*People v Paulk*, 142 AD2d 754, *lv dismissed* 72 NY2d 960; *see, People v Davis*, 250 AD2d 939). A review of the plea allocution demonstrates that defendant knowingly, voluntarily and intelligently entered a guilty plea to the crime charged and that he forthrightly acknowledged his guilt (*see, People v Hunter, supra,* at 914). Defendant's assertion of innocence was wholly unsubstantiated (*see, People v Ross, supra; cf., People v Paulk, supra,* at 754-755). We find that under these circumstances County Court did not improvidently exercise its discretion by denying defendant's motion to withdraw his guilty plea without first conducting a hearing (*see, People v Hunter, supra,* at 914).

We are similarly unpersuaded by defendant's claim that his counsel was ineffective. We reject his assertion that his counsel's advice to plead guilty prior to the scheduled start of the *Huntley* hearing amounted to ineffective assistance, particularly in view of the fact that he obtained a highly favorable plea and sentence agreement (*see, People v Feliciano*, 240 AD2d 903) and was advised by County Court at the time of the plea allocution of his right to plead not guilty but voluntarily chose to plead guilty. Moreover, the plea offer may not have been available after the *Huntley* hearing and, as such, counsel's advice to accept the offer prior to the hearing constituted a tactical decision (*see, People v Rivera*, 71 NY2d 705, 708-709).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.