■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMOAN WALKER, Appellant. [698 NYS2d 757] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 22, 1998, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In February 1997, defendant was charged in an eight-count indictment with, *inter alia*, three counts of murder in the second degree stemming from a death which occurred during the commission of a robbery in December 1996. In July 1997, immediately prior to the commencement of a *Huntley* hearing, defendant entered a plea of guilty to murder in the second degree in return for a sentence of 17½ years to life in prison. The plea bargain was conditioned upon defendant's cooperation in the prosecution of an alleged participant in the shooting who was not yet indicted. The plea was further conditioned on defendant's cooperation with authorities in Rensselaer County on an unrelated matter. In addition, the plea was conditioned upon defendant's waiver of his right to appeal.

In order to allow defendant time to fulfill the conditions of his plea bargain agreement, sentencing was adjourned from time to time with the consent of defendant. Notwithstanding the plea agreement, at the trial of the other robbery participant defendant invoked his 5th Amendment privilege and refused to answer certain questions, despite the advice of counsel and admonitions from the trial court. Prior to sentencing, defendant attempted to withdraw his plea of guilty by written motion. Defendant's motion was denied and in view of defendant's breach of the plea bargain agreement, County Court refused to impose the agreed-upon sentence and sentenced defendant to 25 years to life, prompting this appeal by defendant.

We affirm. Defendant's assertion that his plea was not know-

ing and voluntary is belied by the record. The record reveals nothing to support the conclusion other than that defendant's plea was knowing and voluntary (*see, People v Dashnaw*, 260 AD2d 658, *lv denied* 93 NY2d 968; *People v Faulkner*, 259 AD2d 905, *lv denied* 93 NY2d 924; *People v Williams*, 237 AD2d 644, 645, *lv denied* 90 NY2d 866). The decision to permit a defendant to withdraw his guilty plea rests within the discretion of the trial court and a hearing should be granted only in rare circumstances (*see, People v Hunter*, 246 AD2d 913, 914; *People v De Gaspard*, 170 AD2d 835, 837, *lv denied* 77 NY2d 994). Defendant's protestations of innocence unsubstantiated by any evidence other than his conclusory assertions are plainly insufficient to support a motion to withdraw a plea of guilty (*see, People v Gibson*, 261 AD2d 710, 711; *People v Paulk*, 142 AD2d 754, *lv dismissed* 72 NY2d 960). Defendant's motion contains no factual allegations upon which it can be said that County Court abused its discretion in refusing to allow defendant to withdraw his plea of guilty. Likewise, we find that the plea agreement was sufficiently precise in terms of the required cooperation from defendant. The record leaves little doubt that defendant understood the requirement of his testimony at the trial of the other participant in the robbery which resulted in the murder. The failure of defendant to fully cooperate as anticipated authorizes County Court to impose a sentence different than that originally agreed to.

Finally, inasmuch as defendant knowingly and voluntarily waived his right to appeal as part of his guilty plea, his contention that the sentence was harsh and excessive has not been preserved for our review (*see, People v Ennis*, 254 AD2d 642, *lv denied* 92 NY2d 1048; *People v Poleto*, 252 AD2d 668, *lv denied* 92 NY2d 929). In any event, were we to consider defendant's argument, we would find it to be without merit. A sentence which is within statutory parameters should not be deemed harsh and excessive in the absence of an abuse of discretion or extraordinary circumstances warranting reduction (*see, People v Jones*, 39 NY2d 694, 697; *People v McCann*, 242 AD2d 762; *People v Diaz*, 240 AD2d 961; *People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899). We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.