■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. TOTMAN, Appellant. [703 NYS2d 552] —Peters, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered October 29, 1998, convicting defendant upon his plea of guilty of the crimes of rape in the third degree (two counts) and sodomy in the third degree (two counts).

Defendant was charged in a five-count indictment with various sex-related crimes as the result of allegations that he engaged in sexual intercourse and deviant sexual intercourse with a 14-year-old female on two separate occasions. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to two counts each of rape in the third degree and sodomy in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of 2

to 4 years. Prior to sentencing and after County Court denied defendant's *pro se* request to withdraw his guilty plea, defense counsel moved pursuant to CPL 220.60 to withdraw the guilty plea claiming that defendant failed to understand the consequences thereof because he was under the influence of medications and suffers from a comprehension difficulty and permanent brain injuries as the result of an automobile accident. County Court denied the motion without a hearing and sentenced defendant in accordance with the plea agreement, prompting this appeal.

Recognizing that whether a defendant should be permitted to withdraw a guilty plea is a matter left to County Court's discretion and that a hearing on such a motion is granted only in rare instances (*see, People v Dashnaw*, 260 AD2d 658, *lv denied* 93 NY2d 968; *People v Hunter*, 246 AD2d 913), we reject defendant's contention that County Court erred in denying his motion to withdraw his guilty plea without a hearing. The record reveals that the court instructed defendant regarding the consequences of pleading guilty and sufficiently explored the issue of whether defendant's mental health deficiencies affected his ability to understanding the proceedings. Defendant responded to the court's inquiries by indicating that he understood the proceedings despite his mental health problems and also denied being under the influence of drugs or alcohol at the time of the plea. Inasmuch as the record establishes that defendant understood the nature of the charges and entered the guilty plea knowingly, intelligently and voluntarily, we conclude that County Court did not abuse its discretion in denying defendant's motion without a hearing (*see, People v Victor*, 262 AD2d 872; *People v Feliciano*, 242 AD2d 787).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.