■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. GRAHAM-HARRISON, Appellant. [708 NYS2d 920] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 1, 1999 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree.

After the close of the People's case, defendant pleaded guilty

to the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree in full satisfaction of a six-count indictment. Prior to sentencing, however, defendant moved *pro se* to withdraw his guilty plea, claiming that it was the product of coercion by his counsel. County Court assigned new counsel to represent defendant in connection with the motion and a hearing ensued. The court subsequently denied the motion and sentenced defendant, in accordance with the plea agreement, to an aggregate prison term of 6½ to 13 years. Defendant appeals.

We affirm. It is well settled that the question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court (*see, People v Clark*, 261 AD2d 97; *People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863). Withdrawal of a plea will not be permitted in the absence of "some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940; *see, People v Clark, supra*). Consequently, we find no merit to defendant's assertion that his plea was rendered involuntary by the ineffective assistance of counsel inasmuch as he failed to submit evidence which would support such a claim (*see, People v Davis, supra*). At no time during the hearing on the withdrawal of the plea did defendant profess that he was innocent of the charges (*see, People v Yell, supra; People v Davis, supra*). Moreover, a review of the record indicates that defendant's plea was knowingly, voluntarily and intelligently entered and that he forthrightly acknowledged his guilt in connection with the crimes charged (*see, People v Davis, supra*). Accordingly, we find that County Court did not improvidently exercise its discretion by denying defendant's motion to withdraw his guilty plea.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.