■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL R. BONILLA, Appellant. [728 NYS2d 557] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 29, 2000, convicting defendant upon his pleas of guilty of the crimes of rape in the third degree and bail jumping in the second degree.

On April 20, 1999 defendant waived indictment and was arraigned on a superior court information charging him with rape in the third degree. That same day, he pleaded guilty to the charge with the understanding that he would receive a sentence of five years' probation and the victim would be granted an order of protection. As a part of the plea bargain defendant also received a 60-day jail sentence on an unrelated charge, which he began serving on April 23, 1999 and completed prior to his scheduled sentencing date on the rape charge. Defendant failed to appear in County Court on June 30, 1999 for his sentencing on the rape conviction and a warrant was issued for his arrest.

Defendant was extradited from Texas and next appeared in County Court on November 5, 1999. At that time, the People informed the court that there were new charges pending against defendant, who, for the first time, claimed that his April 20, 1999 guilty plea was coerced by the actions of his attorney. County Court adjourned the proceedings and ordered defendant's plea minutes. At his next County Court appearance on November 12, 1999, defendant was permitted to orally

state his reasons for seeking to withdraw his plea based upon his counsel's coercion and defendant was assigned new counsel, who promptly filed a written motion seeking to vacate defendant's April 20, 1999 plea pursuant to CPL 220.60 (3). On November 23, 1999, County Court denied the motion.

In December 1999, defendant was arraigned on a new indictment charging him with three counts of rape in the third degree, sodomy in the third degree, bail jumping in the second degree and criminal contempt in the second degree. The sex offenses and contempt charge stemmed from additional sexual contact that defendant had with the same victim which was alleged to have occurred in May 1999. On January 28, 2000, defendant pleaded guilty to bail jumping in the second degree in full satisfaction of the December 1999 indictment with the understanding that he would receive consecutive 1 to 3-year prison sentences for this plea as well as his April 20, 1999 plea; defendant was sentenced accordingly in March 2000.

Defendant now appeals claiming that County Court abused its discretion by not permitting him to withdraw his April 1999 plea, that his January 2000 plea was tainted by the denial of his motion to withdraw his April 1999 plea and that his sentence was harsh and excessive. We find no merit to any of defendant's claims and affirm.

Initially, we note that defendant does not now claim, nor did he in his application to County Court, that he should be permitted to withdraw his April 1999 plea because he received a harsher sentence than the one contemplated in his plea bargain of April 20, 1999 (*see, e.g., People v Covell*, 276 AD2d 824). Defendant's only argument is that his April 1999 plea was the product of coercion by, and problems with, his first attorney. The record reveals that County Court permitted defendant to state all his contentions in support of this application to withdraw his plea both orally and in the form of a written motion by his new counsel. County Court also heard from defendant's first attorney on the issue. The question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court (*see,* CPL 220.60 [3]; *People v Graham-Harrison*, 272 AD2d 780, 781; *People v Hunter*, 246 AD2d 913, 914) and absent a showing of abuse, that court's determination will not be disturbed (*see, People v Franco*, 145 AD2d 837, 837). On this record, we conclude that County Court did not abuse its discretion in summarily denying defendant's motion (*see, People v La Fave*, 265 AD2d 740, 741).

Defendant's April 1999 plea allocution reveals that County

Court fully advised him of the rights that he was giving up by pleading guilty and the consequences of his plea (*see, id.,* at 741; *People v Fernandez,* 263 AD2d 673, 674, *lv denied* 94 NY2d 822). Defendant admitted his guilt and did not thereafter protest his innocence (*see, People v Kalvaitis,* 238 AD2d 756, 758, *lv denied* 90 NY2d 859). His claim of coercion by his attorney is without a basis in the record and is specifically belied by defendant's own statement during his plea allocution when he was asked by County Court whether anyone threatened, forced or coerced him in any way to get him to plead guilty, to which he responded, "No way, shape or form, sir" (*see, People v Coppaway,* 281 AD2d 754; *People v Kalvaitis, supra,* at 758; *People v Salsman,* 185 AD2d 469, 470, *lv denied* 80 NY2d 934). Defendant was afforded the opportunity to substantiate his claims, but was unable to do so, and we find no error in County Court's denial of his motion to withdraw his April 1999 guilty plea (*see, People v Hunter, supra* at 914).

Similarly unavailing is defendant's challenge to his conviction for bail jumping in the second degree. Although defendant failed to preserve this claim for our review by either moving to withdraw this guilty plea or to vacate the judgment of conviction with respect thereto (*see, e.g., People v Wood,* 277 AD2d 515, *lvs denied* 96 NY2d 789), we note that we have eliminated the basis for defendant's challenge to this conviction by sustaining County Court's denial of his application to withdraw his April 1999 guilty plea.

Finally, we disagree with defendant that his sentence was harsh and excessive. Defendant's sentence was within the permissible statutory range for each charge, and we find no abuse of the sentencing court's discretion or the existence of any extraordinary circumstance which would warrant our modification of the consecutive sentences (*see, People v Dolphy,* 257 AD2d 681, 685, *lv denied* 93 AD2d 872). Nor do we find the sentence imposed harsh or excessive when scrutinized in light of the underlying criminal actions of defendant.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.