■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWELL BOLDEN, Appellant. [733 NYS2d 775] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 1, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree for selling crack cocaine to undercover police officers in the City of Hudson, Columbia County. Represented by an Assistant Public Defender (hereinafter APD), defendant entered

a plea of not guilty at his arraignment. After *Wade* and *Sandoval* hearings were held on January 7, 2000, County Court determined that the identification procedure used by police was not unduly suggestive and ruled that the People could inquire into certain prior convictions should defendant testify, and the case was continued for trial. Later that day, defendant—with counsel present—appeared in court and changed his plea to guilty to each of the charges and, after an extensive colloquy, admitted to the conduct underlying the charges.

On the day scheduled for sentencing, defendant appeared before County Court represented by a different APD who advised the court that defendant had filed a *pro se* motion to withdraw his plea based upon the alleged incompetence of his former APD, who was no longer affiliated with the Public Defender's office. Defendant argued *pro se* that he was entitled to have new counsel assigned from outside the Public Defender's office, claiming his current APD had a conflict of interest in challenging the competency of his former APD. Although there was no record of this *pro se* motion in the court's file, County Court questioned defendant at length outside the presence of the prosecutor, allowing him to explain his complaints with his former APD and to consult with his current assigned counsel. The court thereafter denied defendant's request to relieve the Public Defender's office from representing him and assign new counsel and denied his motion to withdraw his plea, finding no basis for defendant's claim that his former counsel had ineffectively represented him during or before the plea proceeding or that his current counsel had a conflict of interest. Sentenced as a predicate felon to, *inter alia*, concurrent prison terms of 7 to 14 years for each of his convictions of criminal sale of a controlled substance in the third degree, defendant appeals claiming that County Court erred in refusing to assign new counsel and in denying his motion to withdraw his guilty plea without a hearing.

We affirm. The decision whether to permit a defendant to withdraw a guilty plea rests within the discretion of the trial court, "and only in rare instances will a hearing be granted" (*People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863), and we discern no abuse of discretion here in that regard (*see,* CPL 220.60 [3]; *People v Totman*, 269 AD2d 617, 618, *lv denied* 95 NY2d 839; *People v Walker*, 266 AD2d 727, *lv denied* 96 NY2d 909). The record as a whole belies defendant's conclusory claims that he was denied effective assistance of counsel at the plea proceeding or at the preplea stage. The transcripts of the pretrial hearings and proceedings reflect, *inter alia*, that

defense counsel made appropriate motions, opposed prosecution motions, served discovery and alibi notices, objected to the introduction of evidence, and cross-examined witnesses, supporting County Court's finding, based as well on its own observations, that defendant was meaningfully represented prior to entering his guilty plea (*see, People v Benevento*, 91 NY2d 708, 712; *People v Flores*, 84 NY2d 184, 187).

Moreover, during the plea colloquy County Court explained in detail, *inter alia*, the consequences of pleading guilty and the rights that defendant would thereby be waiving, and ascertained that defendant understood the choice he was making; defendant responded to the inquiries and admitted the acts constituting the crimes. Clearly, the minutes of the plea allocution reveal "a knowing, intelligent and voluntary plea of guilty" to the charges (*People v Dashnaw*, 260 AD2d 658, 659, *lv denied* 93 NY2d 968). Indeed, when asked during the plea colloquy, defendant stated without reservation that he was satisfied with counsel's representation. Contrary to defendant's contentions, the record reflects that when defendant briefly hesitated during the plea allocution, the court sufficiently explored the matter and defendant reaffirmed that he did not want to go to trial and desired to plead guilty. Thus, the record fails to support defendant's claim that, based upon the conduct of the APD or the content of the plea allocution, the motion to vacate his plea was improvidently denied.

Additionally, we find no error in County Court's denial of defendant's *pro se* oral motion to relieve the Public Defender's office and appoint new counsel. Defendant's former APD was no longer affiliated with the Public Defender's office and, thus, the current APD had no conflict of interest in representing defendant on his motion to withdraw his plea (*see, e.g., People v Conyers*, 285 AD2d 825; *cf., People v Rhodes*, 245 AD2d 844). County Court undertook an extensive inquiry of defendant before correctly ascertaining that there was no basis for his ineffective assistance of counsel claim, the sole premise for his conflict of interest assertion. Even if defendant made a colorable claim that his former APD had not effectively represented him, which he did not do, he failed to show good cause for substitution of the second assigned APD, such as a genuine conflict of interest (*see, People v Halpin*, 261 AD2d 647, *lv denied* 93 NY2d 971; *People v Burnett*, 228 AD2d 788, 791; *see also, People v Sides*, 75 NY2d 822, 824).

Further, the fact that new counsel did not formally join in defendant's *pro se* motion to withdraw his guilty plea at sentencing did not warrant appointment of another attorney or

constitute ineffective representation (*see, People v Yell,* 250 AD2d 869, *supra; People v Kelly,* 232 AD2d 314). When County Court postponed sentencing, it advised counsel to move on defendant's behalf to withdraw his plea if counsel deemed it advisable and, for reasons discussed, we perceive no error in counsel's determination not to make such a motion. Finally, even if County Court's ruling could be interpreted as a refusal to entertain defendant's *pro se* motion to withdraw his plea after determining that there was no basis to substitute counsel, we would find no error.

Defendant's remaining contentions, including those raised in his *pro se* brief, are devoid of merit.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.