■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CHERRY, Appellant. [785 NYS2d 198]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 18, 2003, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged with the crimes of promoting prison contraband in the first degree and attempted assault in the second degree (two counts) after he was discovered to be in possession of a 6 by 1½-inch sharpened plexiglass shank during a physical altercation with another inmate. Represented by the Public Defender, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree in full satisfaction of the indictment with the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years.

Prior to sentencing, defendant moved to withdraw his plea, based on the alleged incompetence of his counsel. County Court denied the motion and refused to assign new counsel, finding no basis for defendant's claim that his assigned counsel ineffectively represented him during or before the plea proceeding. The court thereafter sentenced defendant in accordance with the agreement. Defendant now appeals, claiming that County Court erred in refusing to assign new counsel and in denying his motion to withdraw his guilty plea without a hearing.

We affirm. It is well settled that "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis,* 296 AD2d 664, 664 [2002]; *see People v Bolden,* 289 AD2d 607, 608 [2001], *lv denied* 98 NY2d 649 [2002]; *People v Graham-Harrison,* 272 AD2d 780, 781 [2000]). The record fails to support defendant's contention that he was denied the effective assistance of counsel. Defense counsel made appropriate motions and defendant was afforded a favorable plea agreement. Moreover, the minutes of the plea allocution reveal "a knowing, intelligent and voluntary plea of guilty" to the crime of attempted promoting prison contraband in the first degree (*People v Dashnaw,* 260 AD2d 658, 659 [1999], *lv denied* 93 NY2d 968 [1999]). During the plea colloquy, County Court explained the consequences of pleading guilty and the rights that defendant would thereby be waiving. Defendant admitted the acts constituting the crime and indicated that he understood the choice he was making.

Additionally, we find no error in County Court's refusal to appoint new counsel as defendant failed to demonstrate "good cause" entitling him to such substitution (*People v Linares,* 2 NY3d 507, 510 [2004]). Defendant made the request just prior to sentencing and defense counsel unequivocally denied the allegations.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.