■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. DARLING, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 21, 1990, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

A felony complaint, accusing defendant of having committed the crime of rape in the first degree, was filed in the Town Court of the Town of Groton, Tompkins County, on May 10, 1989. Defendant was arrested on that charge on May 17, 1989 and arraigned the same day in the local criminal court.

Counsel was assigned to represent defendant during the preindictment stage of the proceedings.

An indictment, charging defendant with the crimes of rape in the first degree, sodomy in the first degree and two counts of sexual abuse in the first degree, was filed November 7, 1989. Arraignment was scheduled for two days later, November 9, 1989. Defendant appeared personally at the arraignment and stated that he had been unable to find an attorney willing to represent him. County Court noted the receipt of a letter from the attorney who had been assigned at the direction of the local criminal court in which the attorney indicated that he could not represent defendant in County Court either as assigned counsel or retained counsel. The arraignment was adjourned for several days so that new counsel could be assigned to represent defendant. The People filed a statement of readiness at the originally scheduled arraignment on November 9, 1989.

After the arraignment was completed and disclosure conducted, defendant's motion to dismiss directed at the Grand Jury proceedings was denied, and following a *Huntley* hearing defendant's motion to suppress certain statements was also denied. On the date that trial was scheduled to begin, defendant elected to withdraw his plea of not guilty and enter a plea of guilty to one count of sexual abuse in the first degree in satisfaction of the entire indictment. The plea bargain included no provision concerning the sentence. During the plea colloquy, defendant was informed that the plea bargain included a waiver of defendant's right to appeal from any pretrial matters. Defense counsel stated that he had not discussed the waiver with defendant and he was permitted to confer with his client. County Court then asked defendant whether he understood that he was waiving his right to appeal with respect to any pretrial proceedings, decided or undecided, and defendant indicated that he understood. The court thereafter completed the plea allocution, which included defendant's admission that he committed the acts which constituted sexual abuse in the first degree.

After a four-month delay in sentencing, due in part to the preparation of the presentence report, County Court granted defense counsel's motion for a further delay to permit an additional independent investigation of possible sentencing alternatives. On the adjourned date, defense counsel requested an additional adjournment. When the request was denied, defendant indicated that he wanted to withdraw his plea. No basis for the motion to withdraw was given; instead, defense

counsel requested an adjournment so that the motion could be made in writing and so that defendant could seek other legal advice. Concluding that the belated attempt to withdraw the plea was a delay tactic, County Court proceeded with the sentencing hearing at which defendant presented an expert witness who testified as to defendant's alcohol dependence and the need for treatment. Defendant was sentenced to an indeterminate prison term of 2 to 6 years, and this appeal ensued.

Relying upon *People v O'Connell* (133 AD2d 970), defendant contends that he was deprived of the effective assistance of counsel by his attorney's failure to move to dismiss the indictment for noncompliance with the statutory speedy trial requirement. We agree with the People, however, that defendant's express waiver of his right to appeal concerning any pretrial proceeding precludes our consideration of the effective assistance of counsel claim, which arises out of pretrial proceedings. We note that defendant's waiver was directed at the remedy of an appeal and did not encompass a waiver of the constitutional right to meaningful representation by counsel. CPL 440.10 provides defendant with a remedy for asserting a violation of this right *(see, People v Brown,* 45 NY2d 852), but we will not consider that issue on this appeal.

Next, we reject defendant's claim that his waiver of the right to appeal in relation to any pretrial proceedings was invalid. Although defense counsel apparently had not discussed the waiver aspect of the plea bargain with defendant prior to the plea proceeding, he was given time to do so, off the record, during the plea proceeding. County Court's subsequent explanation of the scope of the waiver was unambiguous, and defendant clearly and unequivocally indicated that he understood. It is also noteworthy that as a result of the bargain the maximum potential sentence was reduced from 25 years to 7 years. The record establishes that the waiver was voluntary, knowing and intelligent, and it shall therefore be enforced *(see, People v Seaberg,* 74 NY2d 1).

We find no merit in defendant's claim that County Court erred in denying the motion to withdraw his plea. Except for defense counsel's reference to defendant's protestations of innocence, no ground for the motion was presented. During the plea allocution, defendant knowingly and voluntarily admitted that he committed the acts which constituted the crime of sexual abuse in the first degree to which he was pleading guilty. Defendant expressed no dissatisfaction with his plea until more than five months later, when it became clear that County Court was not going to grant any further

adjournment and was going to proceed with the sentencing. In these circumstances, County Court correctly denied the motion.

We also reject defendant's final contention, that the prison sentence of 2 to 6 years is excessive and should be reduced in the interest of justice. Defendant relies heavily upon the fact that the six-year maximum of his sentence was only one year less than the maximum possible sentence for the class D felony to which he entered his guilty plea. As previously noted, however, defendant received a measure of leniency in the plea bargain itself, for the maximum potential sentence was reduced from the 25-year term for the class B felony charged in the top count of the indictment to the seven-year term of the crime charged in the count to which he entered his guilty plea in satisfaction of the entire indictment. Although there is evidence that defendant suffers from alcohol dependence and was under the influence of alcohol when he committed the crime, the crime itself involved both violence and a sexual attack, thereby distinguishing this case from *People v Jensen* (111 AD2d 986), upon which defendant relies. We see no abuse of discretion in the sentence imposed and, therefore, the judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.