■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. CONDON, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 24, 1991, convicting defendant upon his plea of guilty of two counts of the crime of driving while intoxicated.

Defendant was arrested on January 6, 1990 by a State Trooper in the Town of Oneonta, Otsego County, for alcohol-related driving offenses and operating his vehicle without a license. He was released on his own recognizance and thereafter indicted on September 12, 1990 by a Grand Jury and charged with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) and two separate counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). At his arraignment on September 17, 1990 defendant pleaded not guilty and was allowed to remain free on his own recognizance. On October 1, 1990 the prosecutor filed a statement of readiness and on May 23, 1991 defendant entered a plea of guilty to the driving while intoxicated charges. The plea included a waiver of the right to appeal. Defendant was then sentenced to a term of one year in jail and a $525 fine and surcharge was imposed.

On this appeal, defendant initially contends that his right to a speedy trial was violated, thus requiring a reversal of his conviction. Defendant, however, concedes that no motion was made on his behalf at any time to dismiss on speedy trial grounds. It is well established that a motion to dismiss on the ground of the denial of a defendant's right to a speedy trial must be made prior to the commencement of trial or before entry of a guilty plea (CPL 210.20 [1] [g]; [2]; *People v Pitcher,* 182 AD2d 878; *see also, People v Lawrence,* 64 NY2d 200, 203-204). Defendant does not dispute his failure to have made a timely dismissal motion. Instead, he argues that such failure to move for dismissal under either CPL 30.20 or 30.30 was evidence that he had been denied effective assistance of counsel, which itself requires that his conviction be reversed.

The People contend that defendant was not deprived of his right to a speedy trial, citing to the five-part test delineated in *People v Taranovich* (37 NY2d 442) and to the timeliness of their filing of a statement of readiness. The People's argument misses the point. Defendant made a valid, intelligent and express waiver of his right to appeal matters related to pretrial proceedings, thus effectively precluding this court from any consideration of the effective assistance of counsel claim *(see, People v Darling,* 183 AD2d 950, 952). As this court recently stated in *People v Darling (supra),* "defendant's waiver was directed at the remedy of an appeal and did not encompass a waiver of the constitutional right to meaningful representation by counsel" *(supra,* at 952), which can appropriately be asserted in a CPL 440.10 motion *(see, supra; see*

*also, People v Brown,* 45 NY2d 852). We reach the same result here and thus affirm the judgment of conviction.

Mikoll, Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.