■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON HAYES, Appellant. [599 NYS2d 679] —Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered February 1, 1990, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (two counts), criminal possession of stolen property in the fourth degree, conspiracy in the fifth degree and criminal impersonation in the second degree.

Defendant contends on this appeal that his waiver of his right to appeal was invalid, that he was denied the effective assistance of counsel and that County Court erred in failing to suppress evidence found in a car driven by his brother, a codefendant. Defendant argues that he was denied the effective assistance of counsel due to the failure of his counsel to, *inter alia,* join in a suppression motion made by his codefendant. During the plea allocution, defendant acknowledged that as a part of the plea agreement he was waiving his right to appeal, including his right to appeal any matters related to the suppression hearing. We find that defendant's waiver of his right to appeal as a part of his guilty plea was knowing, intelligent and voluntary, and he is therefore precluded from challenging the effectiveness of counsel as it relates to the suppression hearing on this direct appeal *(see, People v Condon,* 184 AD2d 879; *People v Darling,* 183 AD2d 950, *lv denied* 80 NY2d 902).

Further, to the extent that the effectiveness of counsel issue survives the waiver of the right to appeal *(see, People v Ferguson,* 192 AD2d 800), we cannot find that defendant was afforded ineffective assistance of counsel on this record. Given that the plea agreement resulted in a substantial reduction in defendant's sentencing exposure, we do not find that the mere fact that defense counsel failed to move to suppress evidence indicates ineffectiveness of counsel *(see, People v Nicholls,* 157 AD2d 1004). Similarly, the fact that defense counsel did not join in defendant's *pro se* motion to withdraw his plea does not constitute ineffectiveness of counsel in this case *(see, People v Bourdonnay,* 160 AD2d 1014; *People v Lynch,* 156 AD2d 884, *lv denied* 75 NY2d 921; *People v Bell,* 141 AD2d 749, *lv denied* 72 NY2d 1043).

Finally, we find no error in County Court's denial of defen-

dant's motion to withdraw his guilty plea. Nothing in this record supports his conclusory assertions of coercion by defense counsel and the record of the plea proceeding indicates that defendant was fully apprised of his rights and stated that he was not coerced to enter the plea *(see, People v Lisbon,* 187 AD2d 457; *People v Bell,* 183 AD2d 837; *People v Machado,* 181 AD2d 796, *lv denied* 79 NY2d 1051; *People v Lynch, supra).*

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.