■ CARLOS DELGADO, Appellant, v NOUVEAU ELEVATOR INDUSTRIES, INC., Respondent, et al., Defendant. [648 NYS2d 909] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 17, 1995, which granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The relevant freight elevator service contract, as well as the testimony of defendant's former employee, demonstrate that defendant had no duty to inspect, maintain, or repair the shaftway or hoistway door of the freight elevator. Plaintiff did not submit an affidavit and plaintiff's attorney's affidavit fails to raise any issues of fact in this regard. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY TURNER, Appellant. [— NYS2d —] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered May 2, 1991, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree and jostling, and sentencing him, as a second felony offender, to concurrent prison terms of $2^1/2$ to 5 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

Defendant's request for a new court-appointed lawyer was properly denied after sufficient inquiry (*see, People v Sides*, 75 NY2d 822). The record shows that defendant, although given ample opportunity to speak, did not elaborate upon his conclusory accusations against his attorney, and no reason appears why the findings of the trial court, which "was in the best position to determine the genuineness of the defendant's objection to his counsel" (*People v Smith*, 192 AD2d 310, 312, *affd* 82 NY2d 731), that counsel was competent, had been working hard on defendant's behalf, and had made all the appropriate motions in terms of advancing defendant's interests, should be disturbed. We would also note that the timing of the application, made after the *Sandoval* hearing and just prior to jury selection, strongly suggests that it was a delaying tactic (*People v Gaines*, 212 AD2d 727, 728, *lv denied* 85 NY2d 938). Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.