■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MERCK, Appellant. [661 NYS2d 881] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nelson, J.), rendered September 17, 1996, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant's guilty plea was taken in full satisfaction of a superior court information charging him with burglary in the third degree, as well as any charges that might be lodged against him in connection with several other burglaries in the area. After denying defendant's *pro se* motion to withdraw his plea, County Court sentenced him, in accordance with the plea

agreement, to a prison term of 2 to 4 years. Defendant now appeals.

We affirm. County Court's denial of defendant's motion to withdraw his guilty plea (*see,* CPL 220.60 [3]) was not an abuse of discretion. Defendant's contention that he entered the plea as a result of the stress of the situation and the ineffective assistance rendered by his counsel is unconvincing. The record reveals that defendant's plea was entered knowingly and voluntarily after proper inquiry was made by County Court into defendant's understanding of the proceedings and the rights he was forfeiting by his plea. Defendant stated unequivocally that his plea was not induced by force or threat, that he had discussed the charges and the agreement with his attorney and did not need additional time to do so, and that he was guilty of the burglary.

In rejecting defendant's claim of ineffective assistance of counsel, we note that defense counsel successfully negotiated a plea agreement which substantially reduced defendant's possible period of confinement (*see, People v Alstin,* 239 AD2d 790; *People v Miller,* 220 AD2d 902, 904, *lv denied* 88 NY2d 882). Nor are we persuaded that the legal assistance rendered was inadequate because counsel failed to contest the validity of the superior court information, for there is no indication that such a motion was warranted. As for defense counsel's refusal to support defendant's *pro se* motion to withdraw the plea, it suffices that the reason for that refusal, as conveyed to defendant, was the attorney's apparently well-founded opinion that the negotiated plea was in defendant's best interest (*see, People v Hayes,* 194 AD2d 998).

To no avail also is defendant's argument that County Court erred in failing, *sua sponte,* to conduct a competency hearing prior to accepting his plea (*see,* CPL 730.30 [1]). Nothing in the record suggests that, because of mental disease or defect, defendant was unable to assist in his own defense or to understand the proceedings against him, such that a competency hearing was necessary (*see,* CPL 730.30 [1]; *People v Martin,* 239 AD2d 800; *People v Planty,* 238 AD2d 806, 807, *lv denied* 89 NY2d 1098).

Lastly, we find no reason to disturb the sentence imposed.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.