(December 18, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALCINO RIBEIRO, Appellant. [666 NYS2d 777] —Spain, J. Appeal from a judgment of the County Court of Essex County (Moynihan, Jr., J.), rendered May 7, 1997, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant pleaded guilty to attempted rape in the first degree in full satisfaction of an indictment charging him with the crimes of rape in the first degree, rape in the third degree, sexual abuse in the first degree, sexual abuse in the third degree and endangering the welfare of a child. The charges arose out of allegations that defendant had forcibly engaged in sexual intercourse with a 16-year-old girl. Prior to sentencing, an action was commenced on behalf of the girl in Supreme Court seeking damages against defendant in the sum of $1.5 million. Thereafter, defendant moved to withdraw his plea on the grounds that he was innocent and unable to understand the English language, which prevented him from understanding the proceedings against him. County Court denied the motion without a hearing and sentenced defendant to a prison term of 1³/₄ to 5¹/₄ years. Defendant now appeals.

We affirm. We do not find that County Court abused its discretion in denying defendant's motion to withdraw his guilty plea (see, CPL 220.60 [3]). The plea allocution reveals that County Court fully apprised defendant of his rights as well as the rights that he would forfeit by a plea of guilty (see, People v Thornton, 242 AD2d 784, 785; People v Brown, 235 AD2d 563, lv denied 89 NY2d 1032). The record reveals that defendant acknowledged his understanding of the court's admonitions and stated that his wish to plead guilty was not the result of force or threat (see, People v Feliciano, 242 AD2d 787). Prior to the plea, defendant's counsel informed the court that defendant was hearing impaired, asking everyone to elevate their voices; however, neither defendant nor his counsel indicated that defendant had any difficulty understanding the English language. After defendant advised the court that he had thoroughly discussed the case and charges with his counsel and that he was satisfied with his representation, he admitted his guilt to the crime of attempted rape in the first degree. That defendant did not expressly admit to an element of the crime during his plea does not, in and of itself, render the allocution constitutionally defective (see, People v Moore, 71 NY2d 1002; People v Hadden, 158 AD2d 856, 857, lv denied 76 NY2d 847). Under the circumstances, we find no reason to

disturb County Court's finding that the plea was entered knowingly, intelligently and voluntarily (*see, People v Alstin*, 239 AD2d 790).

We also find that because defendant and his counsel were afforded an opportunity to address County Court on the withdrawal motion but failed to substantiate defendant's claim of innocence or his inability to understand the proceedings, County Court did not abuse its discretion in denying the motion without an evidentiary hearing (*see*, CPL 220.60 [3]; *People v Tinsley*, 35 NY2d 926; *People v Vasquez*, 209 AD2d 742, *lv denied* 84 NY2d 1016). Notably, defendant's lengthy statement during the sentencing proceedings indicates a substantially good grasp of the English language.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.