(May 7, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER G. YELL, Appellant. [673 NYS2d 230] —Mikoll, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered May 7, 1997, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

On March 27, 1997, defendant entered a plea of guilty of one count of burglary in the second degree in full satisfaction of two indictments charging him with three residential burglaries and an unrelated count of criminal possession of stolen property, as well as charges pending in Glens Falls City Court. The plea was conditioned upon defendant receiving a prison sentence of 3½ to 10½ years and waiving his right to appeal. On the sentencing date, defendant advised County Court that he had dismissed his defense counsel and requested an adjournment to retain new counsel. Initially, defendant indicated that he did not wish to withdraw his plea, but rather wanted an opportunity to have new counsel "review the paperwork". When the court denied this request, defendant moved to withdraw his plea. County Court denied this motion and sentenced defendant in accordance with the plea agreement. Defendant appeals.

While defendant properly preserved his right to challenge the voluntariness of his guilty plea by moving to withdraw the plea (see, People v Johnson, 243 AD2d 774, 775, lv denied 91 NY2d 927), we find no merit in his claim that the plea was involuntary or so rendered by ineffective assistance of counsel. We have examined the transcript of the plea colloquy, and note that County Court scrupulously apprised defendant of the consequences of his plea and ascertained that he knew and understood the rights relinquished thereby. Defendant asserted unequivocally that his plea was knowing and voluntary, that he had enough time to discuss the matter with counsel, with whose services he was satisfied, and that he was factually guilty of the offense. The decision whether to permit a defendant to withdraw a plea rests within the sound discretion of the trial court and only in rare instances will a hearing be granted (see, People v De Gaspard, 170 AD2d 835, 837, lv denied 77 NY2d 994). Defendant advanced no factual support for his assertion that he received ineffective assistance of counsel in connection with the entry of his plea, nor did he at any time claim that he was not guilty of the charges.

We likewise reject defendant's claim that he received ineffective assistance of counsel at sentencing. Despite defendant's statement that he had discharged counsel, County Court ordered his attorney to continue to represent defendant through the sentencing. Defendant was sentenced in accord with the plea agreement which was conditioned upon a specified sentence. That defense counsel did not join in defendant's *pro se* motion to withdraw his plea does not constitute ineffective assistance (*see, People v Merck*, 242 AD2d 792, 793, *lv denied* 91 NY2d 895).

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.