■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. GREEN, Appellant. [680 NYS2d 781] —Judgment unanimously affirmed. Memorandum: The record supports County Court's determination that defendant violated the conditions of his probation by leaving Ontario County without permission, failing to maintain steady employment, and failing to notify his probation officer immediately that he had been arrested for driving while intoxicated. Contrary to defendant's contention, the violations were sufficiently serious to warrant the revocation of probation and imprisonment (*see, People v Burton*, 234 AD2d 972, *lv denied* 89 NY2d 1033).

The contention of defendant that he was denied the right to call certain witnesses "is not supported by the record, and we will not consider matters outside the record" (*People v Jones*, 237 AD2d 905, *lv denied* 89 NY2d 1036). The further contention of defendant that he was denied the opportunity to testify is without merit. At the close of the People's proof, defense counsel informed the court that defendant "will not be testifying." The court then adjourned the hearing to permit defense counsel to subpoena two witnesses and, when the hearing resumed one week later, defense counsel rested without calling defendant as a witness. The court was not required to ask defendant directly whether he wished to testify (*see, People v Fratta*, 83 NY2d 771, 772; *People v McDonald*, 204 AD2d 1059, *lv denied* 84 NY2d 829).

The court did not err in denying defendant's request for substitution of counsel at sentencing. "[D]efendant failed to demonstrate a compelling reason for the substitution or that the substitution was not merely a dilatory tactic" (*People v Jones, supra,* at 905). The timing of defendant's perfunctory request, made seconds before the court pronounced sentence, "strongly suggests that it was a delaying tactic" (*People v Turner*, 232 AD2d 256, *lv denied* 89 NY2d 947; *see also, People v Murray*, 245 AD2d 531, *lv denied* 91 NY2d 943).

Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Violation of Probation.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH DENNIS, Appellant. [679 NYS2d 918] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733). (Appeal from Judgment of Niagara County Court, Fricano, J.—Assault, 1st Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.