■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE L. LA FAVE, JR., Appellant. [698 NYS2d 733] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 9, 1998, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

On April 8, 1998, defendant entered a counseled plea of guilty to a single count of criminal contempt in the first degree in satisfaction of the instant indictment; that plea, together with a plea of guilty to a misdemeanor charge of driving while intoxicated which was pending in the Village Court of the Village of Canton, St. Lawrence County, was also to satisfy additional charges pending against defendant in the Town of Lisbon and the City of Ogdensburg, St. Lawrence County. Defendant's plea of guilty to criminal contempt in the first degree was entered with the express understanding that he would admit to being a second felony offender and be sentenced

as such to an indeterminate prison term of 2 to 4 years. At the time defendant entered his plea, he and his counsel stated on the record that the plea bargain was "based upon a considerable amount of discussion", that the plea was entered voluntarily and of defendant's own free choice, that no threats or promises were made as an inducement to defendant's plea, that defendant had "enough time to discuss the plea with [his counsel] before offering it to the Court", and that defendant was "satisfied with the services of [his counsel]".

On June 9, 1998, defendant and his counsel appeared for sentencing. Stating that he was not guilty of the charge of criminal contempt in the first degree, that he had been given only three or four minutes to decide whether to accept the plea bargain and that at the plea proceeding he had merely responded to County Court's inquiries in the manner indicated by his counsel's head motions, defendant sought to withdraw his guilty plea. Further, defendant's counsel sought to withdraw from representing defendant because of his disagreements with defendant over his handling of the case, defendant's displeasure with his legal representation and a consequential breakdown of the attorney-client relationship. County Court summarily denied both applications, made a determination that defendant was a second felony offender, sentenced defendant to a prison term of 2 to 4 years and ordered that he pay restitution of $2,175.01, representing the cost of extraditing defendant from California. Defendant appeals.

Initially, we conclude that County Court did not abuse its discretion in summarily denying defendant's motion to withdraw his guilty plea. Our review of the plea colloquy reveals that County Court fully apprised defendant of the consequences of his plea and that defendant knew and understood the rights he was relinquishing (*see, People v Davis*, 250 AD2d 939, 941; *People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863; *People v Ribeiro*, 245 AD2d 804, *lv denied* 91 NY2d 976). As already noted, defendant unambiguously asserted that his plea was voluntary and entered of his own free will, that it was not the product of coercion, that he had sufficient time to discuss the case with his counsel and that he was satisfied with the services rendered by his counsel (*see, id.; People v Evans*, 193 AD2d 960). Further, in a case as this one where a defendant has been fully advised of the rights he is waiving by pleading guilty and then admits the acts constituting the crime, a subsequent protestation of innocence unaccompanied by any evidence to support the claim is generally insufficient to support a vacatur of the plea (*see, People v Davis, supra*, at 940; *People v Paulk*, 142 AD2d 754, *lv dismissed* 72 NY2d 960).

We also reject the contentions that the plea allocution was insufficient to sustain defendant's conviction of criminal contempt in the first degree and that County Court erred in denying the request for the assignment of substitute counsel. Notably, the fact that defendant did not expressly admit to each and every element of the crime does not of itself render the plea allocution constitutionally defective (*see, People v Ribeiro, supra*) and the record provides ample support for County Court's conclusion that there was no good cause for a substitution of counsel (*see, People v Medina*, 44 NY2d 199, 208-209; *People v Green*, 255 AD2d 923, *lv denied* 93 NY2d 853; *People v Murray*, 245 AD2d 531, *lv denied* 91 NY2d 943).

There is merit, however, to defendant's contention that County Court lacked authority to order restitution. Although the record is not well developed in this regard, defendant asserts without contradiction that he had already relocated to California by the time of the instant indictment and that he had no prior knowledge that efforts were being made to secure his presence in New York for arraignment thereon. In any event, it is clear that no charge of bail jumping was ever brought against defendant. Under the circumstances, we agree with defendant that the cost of extradition did not constitute "actual out-of-pocket loss caused by [defendant's offense]" (Penal Law § 60.27 [1]; *see*, § 60.27 [4] [a]) and that St. Lawrence County was not a "victim" thereof (*see*, Penal Law § 60.27 [1], [4] [b]). Rather, the expenditure of public funds for defendant's return from California was a part of the County's normal law enforcement operating costs (*see, People v Watson*, 197 AD2d 880; *see also, People v Rowe*, 75 NY2d 948; *People v Purcell*, 161 AD2d 812), and Penal Law § 60.27 (1) provided no authority for the order of restitution (*see, People v Watson, supra*).

Disputing none of the foregoing, the People nonetheless contend that authority for County Court's order of restitution may be found in CPL 570.56. We disagree. By its terms, CPL 570.56 "simply allocates the burden of the expenses [of extradition] to the state agency or local government most directly involved in the demand for extradition" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 570.56, at 245). Further, while a 1995 amendment to CPL 570.56 added the provision that "[n]othing in this section shall preclude [the responsible agency or local government] from collecting the expenses involved in extradition from the person who was extradited" (L 1995, ch 193, § 1), it does not appear that any cause of action was thereby created (*see*, Preiser, 1995

Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 570.56, 1999 Pocket Part, at 27; *but see, People v Perry*, 261 AD2d 650, *lv denied* 93 NY2d 1024). Even if such a cause of action was created, it would not in any event have justified the present restitution order. Notably, the People are not assisted by our prior decision in *People v Perry (supra)*, where the defendant's commitment to pay the cost of extradition as part of a plea bargain provided an essential predicate for the order of restitution.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay restitution in the amount of $2,175.01, and, as so modified, affirmed.