[704 NYS2d 149]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CLARK, Appellant.

Third Department, January 6, 2000

---

### APPEARANCES OF COUNSEL

*Michael A. Feit,* Albany, for appellant.

*Sol Greenberg, District Attorney* of Albany County (*David M. Rossi* of counsel), for respondent.

### OPINION OF THE COURT

PETERS, J. P.

Defendant pleaded guilty to criminal contempt in the first degree before County Court (Rosen, J.) in satisfaction of an August 1997 indictment which had charged him with one count of criminal contempt in the first degree (Penal Law § 215.51 [b] [vi]) and one count of reckless endangerment in the second degree (Penal Law § 120.20). These charges arose out of his violation of an order of protection when he forced a vehicle operated by the victim into oncoming traffic and attempted to keep it there. On the same day as the aforementioned plea, defendant pleaded guilty to attempted sexual abuse in the first degree before County Court (Breslin, J.) in satisfaction of a November 1997 indictment which had charged him with one count each of sexual abuse in the first degree (Penal Law § 130.65 [1]), criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and unlawful imprisonment in the second degree (Penal Law § 135.05). These charges arose out of a September 1997 incident in which he again violated an order of protection regarding this victim when he restrained her in a shed on her property, touched her breast and/or genitals and/or buttocks, while he denied and/or used implied threats to impede her exit.

On May 8, 1998, at the first of two sentencing hearings scheduled for that day, defendant, *pro se,* orally moved before County Court (Breslin, J.) to withdraw his plea to the charge of attempted sexual abuse in the first degree, contending that he was denied the effective assistance of counsel and that both the court and his counsel failed to inform him of certain laws

and facts before his plea. The motion was denied and he was sentenced as a second felony offender to a prison term of 2 to 4 years for this conviction. At the second sentencing hearing before County Court (Rosen, J.), defendant unsuccessfully moved, *pro se*, to withdraw his plea to criminal contempt in the first degree. He was sentenced as second felony offender to a prison term of 1½ to 3 years to run consecutively to the prior sentence. He appeals both judgments.

■ Defendant's right to challenge the voluntariness of his pleas has been properly preserved by his motions to withdraw (*see, People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863). Examining the transcript of the plea colloquies, we note that on both occasions, County Court scrupulously apprised defendant of the effect of his plea and confirmed that he engaged in the conduct at issue, understood the questions asked and the potential sentences to be levied. Defendant further affirmed that he understood that he was waiving both his right to trial and his right to appeal. Upon these representations, County Court properly denied the motions to withdraw (*see, People v Fernandez*, 263 AD2d 673).

It is well settled that the trial court is vested with discretion to permit a defendant to withdraw his guilty plea (*see, People v Yell, supra; People v Davis*, 250 AD2d 939); absent a claim of innocence substantiated by some evidence, or fraud or mistake in the inducement, a withdrawal of the plea will not be permitted (*see, People v Gibson*, 261 AD2d 710; *People v Davis, supra*). At sentencing on the attempted sexual abuse charge, defendant challenged the voluntariness of his plea, contending that he was not guilty of the crime by recanting many of his statements. He further alleged, *inter alia*, that his attorney coerced him into accepting the plea agreement by providing him with incorrect information concerning the maximum sentence. The record reveals, however, that admissions made by defendant as to his conduct constituted the crime of attempted sexual abuse in the first degree (*see*, Penal Law § 130.65 [1]; *People v Hernandez*, 93 NY2d 261, 265). As there were no contentions before County Court (Rosen, J.) alleging that his plea of guilty to criminal contempt in the first degree was unknowing or involuntarily made, we decline further review (*see, People v Davis, supra*).

■ We now turn to defendant's assertion of error with respect to the failure of both County Court (Breslin, J.) and counsel to advise defendant that he would fall under the purview of the Sex Offender Registration Act (Correction Law

art 6-C [hereinafter SORA]), commonly known as "Megan's Law," by allocuting to the proposed plea. If the consequences of the plea are "direct" rather than "collateral," a failure to have so informed defendant that he would be subject to SORA may well be found to undermine the voluntariness of his plea (*see, People v Ford*, 86 NY2d 397).

SORA is not intended to effect punishment; rather, its purpose is to protect communities from repeat sex offenders "about to be released into the community" (*People v Kearns*, 253 AD2d 768, 770, *lv granted* 93 NY2d 973). Concededly, while the risk level determination of SORA is not part of the criminal proceeding (*see, People v Stevens*, 91 NY2d 270; *People v Fitzgerald*, 249 AD2d 630), "[t]he mandatory SORA certification is effected by operation of law upon conviction and is pronounced at sentence" (*People v Hernandez*, 93 NY2d 261, 268, *supra*). However, since the purpose of certification is administrative and ministerial rather than punitive, we find the consequences to be collateral, thereby obviating the need for either County Court or counsel to have informed defendant that certification was a necessary outcome of his plea.

SPAIN, CARPINELLO, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the judgments are affirmed.