■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAWSON, Appellant. [718 NYS2d 99] —Spain, J. Appeal

from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered July 24, 1998, convicting defendant upon his plea of guilty of the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree.

On April 28, 1998, the day his trial was scheduled to start, defendant entered a plea of guilty to both counts of an indictment charging him with the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree. The charges stem from defendant's possession of a razor blade on June 8, 1997 while incarcerated at Gouverneur Correctional Facility in St. Lawrence County during a prison altercation involving numerous inmates. As part of the plea agreement, defendant was promised that his sentence of imprisonment would not exceed 3½ to 7 years and he would not be treated as a persistent felony offender. Prior to sentencing, the determination of defendant's guilt of the disciplinary charge of possession of a weapon* pertaining to this incident was administratively reversed, apparently due to the Hearing Officer's improper denial of defendant's requests for witnesses at his tier III disciplinary hearing. Defendant thereafter asked defense counsel to move to withdraw his guilty plea based on that administrative reversal. Defense counsel declined to do so, indicating his belief that the motion would be baseless as the reversal had no bearing on the validity of the criminal charges to which defendant pleaded guilty. Defendant subsequently asked counsel to withdraw from the case and wrote to County Court attempting to move *pro se* for reassignment of counsel.

On the day scheduled for sentencing, defendant and assigned counsel appeared and defendant was permitted to address the court *pro se* arguing, *inter alia*, that he was entitled to new counsel based upon counsel's refusal to make the requested motion and was entitled to withdraw his guilty plea based upon the administrative reversal. County Court denied defendant's motions and sentenced him as a second felony offender to concurrent terms of 2 to 4 years' imprisonment for each conviction. Defendant appeals and we affirm.

Defendant's principal contention on appeal is that County Court abused its discretion in denying his motion to vacate his guilty plea, asserting that it was based upon a mistake of law

---

* A separate determination after a separate tier III disciplinary hearing finding defendant guilty of prison disciplinary charges of fighting and an unreported injury charged in a separate misbehavior report related to this incident were not administratively disturbed.

and, as such, was not knowing or voluntary. Specifically, defendant claims that prior to pleading guilty defense counsel misinformed defendant that his statements in response to the disciplinary charges and information derived therefrom could be used to impeach him at his criminal trial (*see, People v Nunez-Ramos*, 160 AD2d 1029, *lv denied* 76 NY2d 793). While it is true that a statement of the prisoner within his or her prison disciplinary proceeding—or information derived therefrom—may not be used against the prisoner in a subsequent criminal proceeding (*see,* 7 NYCRR 251-3.1 [d] [1]; *see also, People ex rel. Vega v Smith,* 66 NY2d 130, 138), the record contains no substantiation of defendant's claim in this regard. Indeed, defendant never raised this claim either in his *pro se* written or oral motion for reassignment of counsel or in his oral motion to vacate his guilty plea. Defendant's July 2, 1998 letter to defense counsel requesting his withdrawal merely complained that he pleaded guilty because counsel had advised him that if he went to trial the prosecutor could use the "prison officials['] disciplinary hearing tape/materials to impeach [defendant's] testimony." Notably, prosecutorial use of the prison disciplinary hearing evidence not derived from defendant's statements and testimony of other witnesses would not have been precluded and defendant's letter did not indicate his belief that his own hearing testimony could be used at his trial.

Further, a review of defendant's motions reveals that they were essentially premised upon defendant's erroneous supposition that the administrative reversal on procedural grounds of the weapons possession charge undermined the related criminal charges and entitled him to withdraw his guilty plea thereto, which was simply incorrect (*see, People v Vasquez,* 89 NY2d 521, *cert denied sub nom. Cordero v Lalor,* 522 US 846). Clearly, defendant's postplea misunderstanding that the administrative reversal would alter the criminal prosecution is irrelevant to the validity of the plea.

Thus, while defendant's motion to withdraw his plea preserved for appellate review his claim that the plea was involuntary (*see, People v Yell,* 250 AD2d 869, *lv denied* 92 NY2d 863), we conclude that County Court did not abuse its discretion in denying defendant's request to withdraw his guilty plea (*see, id.; see also,* CPL 220.60 [3]; *People v Clark,* 261 AD2d 97, 99, *lv denied* 95 NY2d 833; *People v Gibson,* 261 AD2d 710; *People v Yell, supra; People v Cance,* 155 AD2d 764). The record of the plea colloquy reveals that County Court apprised defendant of the consequences of his guilty plea, ascertained that

he understood the rights he was relinquishing, and elicited from defendant admissions to conduct constituting the crimes to which he was pleading guilty and, as such, provides no support for vacatur of defendant's plea (*see, People v La Fave*, 265 AD2d 740, 741; *People v Yell, supra*).

Moreover, we find no error in County Court's denial of defendant's *pro se* motion for reassignment of counsel, finding that counsel at all times—including at sentencing—continued to represent defendant and his interests. Under these circumstances, counsel was not obligated either to withdraw from representing defendant or to join in his *pro se* motion to vacate his valid guilty plea (*see, People v Medina*, 44 NY2d 199, 208-209; *People v La Fave, supra*, at 742). Further, defendant was in no respect denied effective assistance of counsel as a result of counsel's refusal to join his *pro se* motion to withdraw his plea (*see, People v Yell, supra*, at 870; *People v Merck*, 242 AD2d 792, 793, *lv denied* 91 NY2d 895) or otherwise (*see, People v Benevento*, 91 NY2d 708).

The balance of defendant's contentions have been reviewed and determined to be similarly lacking in merit.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.