■ The People of the State of New York, Respondent, v Samuel Robinson, Appellant. [753 NYS2d 239] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 8, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In October 1999, defendant and another were indicted for the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance

in the third degree, criminal possession of a weapon in the third degree (two counts) and criminal use of drug paraphernalia in the second degree (two counts). Defendant's assigned counsel made several pretrial motions, some of which were granted. Thereafter, a new attorney was assigned who propounded additional motions, including a motion for an *Alfinito/Franks* hearing (*People v Alfinito*, 16 NY2d 181), which was denied.

On the eve of trial, defendant entered a plea of guilty to the crime of criminal possession of a controlled substance in the second degree to cover all charges in the indictment. With an agreed upon sentence of 12 years to life imprisonment, defendant waived his right to appeal. Prior to sentencing, defendant made an unsuccessful motion to withdraw his plea. Sentenced consistent with the plea agreement, defendant now appeals asserting that Supreme Court erred in denying his motion to withdraw his guilty plea and that he was denied the effective assistance of counsel.

In his pro se brief, defendant supports his ineffective assistance claim upon two perceived errors: the failure of his first attorney to move for an *Alfinito/Franks* hearing and the failure of his second attorney to raise the issue of ineffectiveness of his first counsel. While we agree that his waiver of the right to appeal will not preclude judicial review of the voluntariness of his guilty plea (*see People v Seaberg*, 74 NY2d 1, 10), our consideration will be limited to whether the alleged ineffective assistance impacted on the voluntary nature of his plea (*see People v Diaz*, 240 AD2d 961, 961; *People v Ferguson*, 192 AD2d 800, 800, *lv denied* 82 NY2d 717).

As it pertains to the failure of the first attorney to move for an *Alfinito/Franks* hearing—a request made by the second attorney which was denied by Supreme Court—the record reveals that defendant specifically waived his right to appeal "any decisions of any judge in this case, including the suppression decisions." Such waiver now precludes our review of his assertions concerning the ineffectiveness of counsel (*see People v Hayes*, 194 AD2d 998, 998). Were we to consider the issue, we would conclude that upon our review of the conduct of counsel, neither attorney failed to provide defendant with meaningful representation (*see People v Baldi*, 54 NY2d 137).

Nor do we find error in Supreme Court's denial of defendant's motion to withdraw his plea. Defendant grounded his motion upon his assertions that "I can not cop out to something that I believe in my heart was a[n] illegal arrest" and that the plea was taken "under duress and coerment [*sic*]." These allegations

were thereafter modified by counsel who explained that defendant was not making a claim that the plea was taken under "duress" but rather under "stress." Except for a fleeting reference at sentencing to defendant's innocence, the record reflects that, during the plea allocution, defendant knowingly and voluntarily admitted that he committed the acts which constituted the crime to which he was pleading guilty, acknowledged he was getting the benefit of a reduction in the severity of the crime, acknowledged that he was waiving his rights including the right to appeal, and gave no indication to the court of any inability to understand the proceedings. Under these circumstances, we find that Supreme Court properly denied the motion to withdraw the plea along with the request for a hearing thereon (*see People v Anderson [Anderson-Fialkow]*, 270 AD2d 509, *lvs denied* 95 NY2d 792, 793; *People v Yell*, 250 AD2d 869, *lv denied* 92 NY2d 863).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.