Cardona, PJ.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J), rendered June 17, 2002, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree and criminal sale of a controlled substance in the fifth degree.
Defendant was charged in an 11-count indictment with various drug-related crimes after police recovered drug paraphernalia, a firearm and a quantity of cocaine in a bungalow in the Town of Fallsburg, Sullivan County. Two of defendant’s brothers were also charged with drug-related crimes and the District Attorney made a collective plea offer. Pursuant to the offer, de *636 fendant pleaded guilty to criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree and criminal sale of a controlled substance in the fifth degree in full satisfaction of the indictment with the understanding that he would be sentenced, as a second felony offender, to an aggregate term of 10 years to life in prison. At sentencing, defendant moved to withdraw his plea, claiming that he was innocent and was coerced into accepting the plea offer by virtue of its collective nature. County Court denied the motion without a hearing and sentenced defendant in accordance with the agreement, prompting this appeal.
“The decision whether to permit a defendant to withdraw a guilty plea rests within the discretion of the trial court, ‘and only in rare instances will a hearing be granted’ ” (People v Bolden, 289 AD2d 607, 608 [2001], lv denied 98 NY2d 649 [2002] , quoting People v Yell, 250 AD2d 869, 869 [1998], lv denied 92 NY2d 863 [1998]; see CPL 220.60 [3]; People v Totman, 269 AD2d 617, 618 [2000], lv denied 95 NY2d 839 [2000]). “Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement” (People v Davis, 250 AD2d 939, 940 [1998] [citation omitted]; see People v McDonnell, 302 AD2d 619, 620 [2003], lv denied 100 NY2d 540 [2003]). Here, defendant did not protest his innocence during the plea allocution. To the contrary, he admitted that he possessed both the gun and cocaine weighing in excess of four ounces and also that he sold a quantity of cocaine (see People v Davis, supra at 940). In addition, he informed County Court that he understood he did not have to plead guilty and was satisfied with his attorney’s advice regarding the plea. At no point did he state that he felt pressured into accepting the plea due to the collective nature of the plea offer. In sum, there is nothing in the record to indicate that County Court abused its discretion in denying defendant’s motion without a hearing (see People v Robinson, 301 AD2d 745, 747 [2003] , lv denied 100 NY2d 542 [2003]; People v Davis, supra).
Mercure, Carpinello, Rose and Kane, JJ., concur. Ordered
that the judgment is affirmed.