■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ZAKRZEWSKI, Appellant. [776 NYS2d 377]—

Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 4, 2002, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant was charged in an indictment with burglary in the second degree as the result of a break-in at a residence in the Town of Northumberland, Saratoga County, on January 8, 2000. Defendant accepted a plea offer, pleading guilty to a reduced charge of attempted burglary in the third degree with the understanding that he would be sentenced, as a predicate felon, to 1½ to 3 years' imprisonment. At sentencing, defendant moved to withdraw his plea, claiming that he was innocent. He further maintained that he had a statement explaining who actually committed the crime and that unnamed individuals were paid both for their statements against defendant and to leave the state. County Court denied defendant's motion without a hearing and sentenced defendant under the terms of the agreement, prompting this appeal.

Defendant argues that County Court erred in denying his motion to withdraw his plea without at least inquiring into his protestations of innocence. "The decision whether to permit a defendant to withdraw a guilty plea rests within the discretion of the trial court, 'and only in rare instances will a hearing be granted' " (*People v Bolden*, 289 AD2d 607, 608 [2001], *lv denied* 98 NY2d 649 [2002], quoting *People v Yell*, 250 AD2d 869, 869 [1998], *lv denied* 92 NY2d 863 [1998]; *see* CPL 220.60 [3]; *People v Lerario*, 1 AD3d 635, 636 [2003]). "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998] [citations omitted]; *see People v Lane*, 1 AD3d 801, 802 [2003]).

Here, defendant made no claims of innocence during the plea allocution. Indeed, he admitted that he helped another man enter his neighbor's premises with the intention of taking her property. Defendant also made it clear that he understood his rights to plead not guilty and to go to trial, and that he was freely and voluntarily pleading guilty. Neither during the plea proceedings nor during the four-month period between pleading and sentencing did defendant mention a statement or that unnamed individuals who made statements against him were paid. Defendant also never offered the statement to the court at sentencing. As such, there is nothing to indicate that County Court abused its discretion in denying defendant's motion without a hearing (*see People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Lerario, supra* at 636).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.