■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL LAHON, Appellant. [793 NYS2d 238]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered February 21, 2003, convicting defendant upon his plea of guilty of the crime of arson in the second degree, and (2) by permission, from an order of said court, entered February 23, 2004, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment and to set aside the sentence, without a hearing.

In October 2002, defendant pleaded guilty to arson in the second degree and waived his right to appeal. Following an unsuccessful motion to withdraw his plea, in which he maintained his innocence, defendant was sentenced in accordance with the plea agreement to a prison term of 10 years, with four years of postrelease supervision. Thereafter, County Court denied without a hearing defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and/or set aside his sentence without a hearing. Defendant appeals from the judgment of conviction and the order denying his CPL article 440 motion.

Defendant initially contends that County Court erred by denying his motion to withdraw his guilty plea without a hearing. We disagree. "The determination of whether to allow withdrawal of a guilty plea rests with the sound discretion of County Court and generally can be made without a hearing" (*People v Obert*, 1 AD3d 631, 631 [2003], *lv denied* 2 NY3d 764 [2004] [citations omitted]; *see* CPL 220.60 [3]; *People v D'Adamo*, 281 AD2d 751, 752 [2001]). Here, defendant's claim that he pleaded guilty because his counsel inadequately informed him of the availability of an intoxication defense and his right to a suppression hearing is contradicted by his sworn plea allocution in which he acknowledged that counsel had, in fact, discussed those issues with him. The allocution also reflects that defendant admitted that he had committed the crime, understood the consequences of pleading guilty and acknowledged that the plea agreement was favorable to him. Under these circumstances, County Court properly dismissed defendant's motion to withdraw his plea without a hearing (*see People v Lerario*, 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Robinson*, 301 AD2d 745, 746-747 [2003], *lv denied* 100 NY2d 542 [2003]).

We also reject defendant's argument that he was denied the effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the rec-

ord casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995] [citations omitted]; *see People v Vinals*, 2 AD3d 1210, 1211 [2003]). Here, defense counsel negotiated a favorable plea agreement, including a sentence that was less than half of the maximum sentence allowed by statute (*see* Penal Law § 70.00 [2] [b]; § 150.15) and the elimination of defendant's obligation to pay restitution to the victim (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Whitted*, 12 AD3d 840, 841 [2004], *lv denied* 4 NY3d 769 [2005]). Moreover, during his plea colloquy, defendant stated that he was satisfied with counsel's services and that he understood and accepted the plea agreement.

Finally, County Court properly denied defendant's CPL article 440 motion without a hearing. Defendant's claims that his plea was not voluntary and that he was denied the effective assistance of counsel were not proper subjects of a CPL 440.10 motion as they were based on information in the record and, thus, were reviewable on direct appeal (*see* CPL 440.10 [2] [b]; *People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]). As for defendant's claim of newly discovered evidence, inasmuch as "vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial," defendant's guilty plea precludes relief on this ground (*People v Sides*, 242 AD2d 750, 751 [1997], *lv denied* 91 NY2d 836 [1997]; *see* CPL 440.10 [1] [g]). In any event, we agree with County Court that the victim's purported offer to accept a lesser amount in restitution than had initially been discussed does not constitute newly discovered evidence within the meaning of the statute (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Latella*, 112 AD2d 321, 322 [1985]). Nor do we find any basis for disturbing County Court's denial of defendant's CPL 440.20 motion after finding that his sentence was authorized.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment and order are affirmed.