■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODI E. PICKENS, Also Known as JODI E. PARKER, Appellant. [880 NYS2d 789]—

Peters, J.P. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered December 5, 2007, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. As part of the negotiated plea agreement, sentencing was adjourned for one year to give defendant an opportunity to complete a long-term residential substance abuse program. If defendant completed the program, she was to be sentenced to time served and five years of probation. It was also understood that if defendant failed to complete the program, she could be sentenced to 5½ years in prison and two years of postrelease supervision.

After defendant failed to complete the program, she was found to be in violation of her plea agreement and was sentenced to 5½ years in prison with two years of postrelease supervision and ordered to pay restitution. On appeal to this Court, defendant's sentence was vacated and the matter was remitted to County Court on the grounds that the inclusion of restitution, which was not part of the negotiated plea agreement, enhanced defendant's sentence and defendant should have been afforded an opportunity to either withdraw her plea or accept the enhanced sentence (45 AD3d 1187, 1188 [2007], *lv denied* 10 NY3d 769 [2008]). In remitting the matter, we directed that defendant either be afforded the opportunity to withdraw her plea or accept the sentence that included the restitution, or, alternatively, County Court could resentence her pursuant to

the negotiated plea agreement (*id.*). Upon remittal, defendant moved to withdraw her plea prior to resentencing. County Court denied the motion and thereafter sentenced her pursuant to the negotiated plea agreement. Defendant now appeals.

We affirm. Defendant's contention that County Court erred in denying her motion to withdraw her plea is without merit. Whether a defendant shall be permitted to withdraw a guilty plea rests in the discretion of the trial court and a plea may generally not be withdrawn "absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998]; *accord People v Zakrzewski*, 7 AD3d 881, 881 [2004]). In raising the instant motion, defendant failed to present any grounds in support of withdrawing her plea. Moreover, a review of the record reveals that defendant had expressed no dissatisfaction with her plea in the 16 months between the entering of her plea and her motion. In light of these circumstances, we conclude that the motion was properly denied (*see People v Darling*, 183 AD2d 950, 952-953 [1992], *lv denied* 80 NY2d 902 [1992]).

Spain, Rose, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.